JOHN MOSHER and others, Respondents, *v.* LEMAN B. HOTCH-
KISS, Appellant.

On an appeal from a judgment on the findings of a referee, facts not included
in such findings, cannot be considered on the appeal.

If there were questions of fact important to be considered, the party should
have procured the referee to have found specially upon that subject — other-
wise the questions cannot be raised on the appeal.

The words "for value received" are a sufficient statement of the consideration
of a guaranty, to comply with the requirements of the statute.

A guaranty of the collection of a note is equivalent to a guaranty that it is col-
lectible by due course of law — in which case the guarantor is liable for the
costs incurred in the effort to collect the note.

THIS action was brought in the Supreme Court to recover
the amount due upon the defendant's guaranty of the col-
lection of a promissory note made by Hildreth and Carey, in
the following form, viz.:

"Three months after date we promise to pay to the order
of Spencer Hildreth two hundred and forty-five dollars, value
received, with interest, payable at the Ontario County Bank,
at Phelps.    Phelps, August 8th, 1857.

S. HILDRETH,<br>
H. CAREY, surety.

(Indorsed) S. HILDRETH."

"For value received I guarantee the collection of the
within note, and the interest on the same.    Phelps, August
8th, 1857.                          L. B. HOTCHKISS."

The note so guaranteed was discounted by the Ontario
County Bank, and afterward transferred, before maturity, to
the plaintiffs.

The defendant by his answer alleges that he paid the On-
tario County Bank the full amount of the note, and interest,
on the 5th of September, 1857, and the bank on that day
sold, transferred and delivered the note to him, and that his
liability as guarantor was thereby extinguished.

The action was tried before a single referee, who reported
in favor of the plaintiffs.

The referee finds that the note so guaranteed was discounted by the Ontario County Bank, of which Cole and Mosher were the proprietors, and that the plaintiffs were the proprietors of the Bank of Lima, and on the 12th of Sept., 1857, the Ontario County Bank was indebted to the Bank of Lima upon a promissory note for $1,500 and on that day the cashier of the Ontario County Bank transferred the note and guaranty in suit, with other notes, to the plaintiffs in payment of the said indebtedness.

He also finds the recovery of judgment upon the said note against the makers, the issuing of execution upon which was made the sum of $118.85, and as to the balance that it was returned *nulla bona*, and that the makers had no goods, &c., out of which the residue could be made.

He also finds that the Ontario County Bank did not sell and transfer the said note to the defendant before the transfer and delivery thereof by that bank to the plaintiffs.

The referee then finds, as a conclusion of law that the plaintiffs are entitled to judgment against the defendant for the amount of the judgment recovered against the makers of the note after deducting the sum collected from them on execution, with interest; and judgment was entered accordingly.

The defendant excepted to the report, upon the facts as found, because they were against the evidence, claiming that the note is the property of the defendant, left with the Ontario County Bank for collection only, and that the transfer to the plaintiffs was in consideration of a preexisting debt; and also to the conclusion of law, upon the ground: 1st, that the guaranty is void by the statute of frauds; 2d, that the defendant's liability is extinguished by the payment of the money to the Ontario County Bank; 3d, that the plaintiffs cannot recover the costs included in the judgment against the makers of the note.

Some exceptions were taken to the rulings of the referee upon the evidence offered during the trial, which so far as necessary are referred to in the following opinion.

The defendant appealed to the General Term of the seventh district, where the said judgment was affirmed, and the defendant now appeals to this court.

.*T. R. Strong*, for the appellant.

. *A. J. Parker*, for the respondents.

Leonard, J.   There is not a single fact found by the referee in this case that indicates any defense to this action if it had been prosecuted by the Ontario County Bank against the defendant.   It is not competent for this court to explore the evidence to ascertain whether there are other facts which might have been found by the referee, and if found, would have authorized a discussion of the questions suggested by the exceptions taken to the conclusions of the referee.

Whether or not the defendant paid any money to the Ontario County Bank, and when, or for what purpose, and with what effect, it is not the province of this court to consider, as the defendant has not procured any report upon these facts.   So far as the report speaks, it is adverse to the defendant on these questions.   The fact that the Ontario County Bank did not sell and transfer the note to the defendant before the sale to the plaintiffs as found by the report is in direct hostility to the claim of the defendant that he had paid the note and satisfied it, or that it had been transferred to him by the Ontario County Bank in such a manner as to raise any equities in his favor superior to the rights of the plaintiffs.   Had the defendant considered these questions important, he could have procured the referee to have found specially upon the subject.   Without such findings the questions sought to be raised are not before us. (*Grant* v. *Morse*, 22 N. Y., 323; *Phelps* v. *McDonald*, 26 N. Y., 82.)

It is said that the guaranty is void, by the statute of frauds. A motion was made to dismiss the complaint, and an exception to the referee's report was taken on that ground.   The consideration named in the instrument is "for value received." This term has been held by this court to sufficiently express

the consideration. (*Miller* v. *Cook*, 23 N. Y., 495.) The point was not argued by the learned counsel for the appellant, and the case referred to above is a 'sufficient answer to the objection.

Complaint is made that the judgment includes the costs in the action against the makers of the note. The fact, although not so stated in the report, may perhaps be ascertained from the amounts stated. No liability arose on this instrument until after a failure to collect the amount due, by an execution against the principal debtors. This is the condition of the agreement by legal inference, unless the principals are shown to be insolvent. A guaranty of the collection of a note is equivalent to a guaranty that it is collectible by due course of law. (*Cumpston* v. *McNair*, 1 Wend., 457.) The effect of it is, that the guarantor requires an action to be brought against the principal as a condition of his becoming liable for the debt. The party guaranteed will not receive the full benefit of the agreement unless the guarantor bears the expense of complying with the condition which he has imposed. The guarantor is liable in such a case for the costs.

There is another sufficient reason for not disturbing the report on this objection. The plaintiffs, having collected a sum of money from the principal debtors more than sufficient for the payment of the costs of the recovery against them, were entitled to apply so much of it as was necessary to cover the costs before crediting anything on account of the debt for which the judgment was recovered. Where a sum of money has been collected by action against the principal debtor, the surety can have no equity to demand that so much of the money as shall be necessary to pay the expense of the collection shall be withheld from that object, and be applied exclusively to satisfy the principal debt. The creditor is entitled to the whole of his demand, and the expenses of collection were legitimately deducted from the sum realized by execution against the principal debtors.

The counsel for the defendant has referred to several exceptions taken during the trial as sufficient ground for

demanding a reversal of the judgment, although no argument has been offered in support of them.

1st. The counsel for defendant moved to dismiss the complaint when the plaintiffs rested their case.

All the facts reported by the referee had then been proved, but none of those set up as a defense. The previous examination of the report has made it appear sufficiently that the motion to dismiss was not well taken, and as the facts relied on as a defense had not then been proved in any manner, no review of the evidence will be necessary. The exception to the denial of this motion was not well taken.

2d. The defendant sought to give in evidence the conversations of himself and others with the officers of the Ontario County Bank, and also the acts of those officers occurring after the sale and transfer of the note and guaranty to the plaintiffs.

The evidence was excluded, and the defendant excepted. The authorities applicable to this subject are numerous and plain. The evidence was *res inter alios acta*, and was properly excluded. It requires no citation of them, nor any argument.

The judgment ought to be affirmed, with costs.

Judgment affirmed.