PETER J. VANDERBILT, RESPONDENT, v. JOHN SCHREYER, APPELLANT, IMPLEADED, ETC.

*Guaranty—distinction between one of collection and one of payment—when a cause of action arises on one for collection—an admission in a pleading cannot be severed from an accompanying affirmative allegation.*

This action was brought to foreclose a mortgage given by one Dunseith to the defendant, Schreyer, and by him assigned to the plaintiff. The complaint alleged that the defendant, Schreyer, by his assignment, "guaranteed the payment of the principal sum of said bond and mortgage, together with the interest thereon from May 5, 1874," and prayed for a judgment against him for any deficiency that might arise on the sale. The clause in the assignment was as follows: "I hereby guarantee the payment of said bond and mortgage for five thousand dollars and interest, from May 5, 1874, by due course of foreclosure and sale."

*Held,* that the guaranty was one of collection and not of payment.

That no cause of action arose thereon against Schreyer until the mortgaged premises had been sold and the amount of the deficiency arising on such sale determined.

That the complaint should be dismissed as to Schreyer.

Where an admission in a pleading is coupled with an affirmative allegation, the adverse party cannot rely upon the admission unless he accept it as modified by the accompanying allegation.

APPEAL by the defendant Schreyer, from a judgment of deficiency entered against him, as a guarantor of the bond, accompanying the mortgage to foreclose which this action was brought.

The defendant, by his answer, admitted that he assigned and guaranteed the mortgage in the following terms: "He admits the assignment thereof by him to the plaintiff, and he admits that he guaranteed the payment thereof, but alleges that said guaranty was inoperative, and null and void, because the same was obtained from him under the following circumstances." The answer then sets forth facts tending to show that the guaranty was obtained by duress and coercion, and that no consideration was received by the defendant therefor.

*John L. Lindsay*, for the appellant. Until after foreclosure and sale no action would lie against Schreyer, and he was improperly made a party to this action. Until the sale no cause of action existed, the event against which his guaranty provided not having arrived. (*Moakly* v. *Riggs*, 19 Johns., 69; *Sawyer* v. *Haskell*, 18 How. Pr., 282; *Hart* v. *Hudson*, 6 Duer, 294; 20 Johns., 365; *Taylor* v. *Bullew*, 6 Cow., 624; *Thomas* v. *Woods*, 4 Id., 173; *Crumpston* v. *McNair*, 1 Wend., 457; *White* v. *Case*, 13 Id., 543; *Curtis* v. *Smadman*, 14 Id., 231; *Eddy* v. *Stanton*, 21 Id., 255; *Loveland* v. *Shepherd*, 2 Hill, 139; *Burt* v. *Homer*, 5 Barb., 501; 6 Id., 547.)

*T. M. Tyng*, for the respondent.

INGALLS, J.:

This action was instituted to foreclose a mortgage executed by James Dunseith and Margaret A., his wife, to John Schreyer, to secure the payment of $5,000 and interest. Schreyer assigned the said mortgage, with the bond which accompanied the same, to the plaintiff by an instrument in writing, of which the following is a copy, viz. :

"Know all the men by these presents, that I, John Schreyer, of the city of New York, of the first part, in consideration of the sum of $5,000, lawful money of the United States, to me in hand paid by Peter J. Vanderbilt, of same place, of the second part, at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, have granted, bargained, sold, assigned, transferred and set over, and by these presents do grant, bargain, sell, assign, transfer and set over, unto the said party of the second part, a certain indenture of mortgage, bearing date the 5th day of September, in the year one thousand eight hundred and seventy-three, made by one James Dunseith and Margaret A., his wife, to me, John Schreyer, to secure the payment of five thousand dollars, and interest, and recorded in the office of the register of the city and county of New York, on September 5, 1873, in liber 1145 of mortgages, page 89. Together with the

bond or obligation therein described, and the money due, and to grow due thereon, with the interest, to have and to hold the same unto the said party of the second part, his executors, administrators and assigns for                    , subject only to the proviso in the said indenture of mortgage mentioned. And I do hereby make, constitute and appoint the said party of the second part my true and lawful attorney, irrevocable in my name or otherwise, but at his proper costs and charges, to have, use and take all lawful ways and means for the recovery of the said money and interest; and in case of payment, to discharge the same as fully as I might or could do if these presents were not made. And I hereby guarantee the payment of said bond and mortgage for five thousand dollars, and interest from May 5, 1874, *by due course of foreclosure and sale.*

"In witness whereof, I have hereunto set my hand and seal, the fifth day of May, in the year one thousand eight hundred and seventy-four.                    JOHN SCHREYER.    [L. S.]

"Sealed and delivered in the presence of

"GEO. W. MCADAM."

The defendant Schreyer was made a party in the action for the purpose, doubtless, of charging him with the payment of any deficiency which might arise upon the sale of the mortgaged premises, and in the complaint the assignment and guaranty is alleged as follows, viz.: "And the plaintiff further shows that the said John Schreyer, by assignment, dated the fifth day of May, 1874, duly executed and delivered by him to the plaintiff, did sell, assign, and transfer to this plaintiff the bond and mortgage hereinbefore described, and plaintiff has ever since been, and now is, the true and lawful owner and holder thereof. That said assignment was recorded in the office of the register aforesaid, on the 13th day of May, 1874, in liber 1163 of mortgages, page 611. And plaintiff further shows that the said John Schreyer, in and by said assignment of mortgage, *guaranteed the payment of the principal sum of said bond and mortgage* above described, together with the interest thereon, from May 5th, 1874." It is observable that the following words "by due course of foreclosure and sale" were

omitted in stating, in the complaint, the terms of such guaranty, and consequently upon the face of the pleading, Schreyer appeared to be a proper party to the action; and no misjoinder of parties or causes of action appeared by the complaint. The material question presented by this appeal seems to be, whether the guaranty is to be construed as one of *payment* or *collection ?* If the former, a right of action became complete against Schreyer by a neglect or refusal to pay the money on the part of the mortgagors, and consequently he became a proper party to the action, and therein chargeable with any deficiency. If the latter, no right of action would accrue against him until by a foreclosure and sale it should be ascertained that the mortgaged premises were insufficient to satisfy the debt. We feel constrained to regard the provision referred to, a guaranty of collection, and in legal effect an undertaking to pay such an amount of the mortgage debt as should remain unsatisfied by a foreclosure and sale of the mortgaged premises. Presumptively the premises would prove sufficient to cancel the debt, and probably Schreyer so expected. He evidently intended not to become liable to a prosecution, until, by due course of law, in the form of a foreclosure of the mortgage, his liability, or at least the extent of it, should be ascertained. The foreclosure and sale was made by the agreement of the parties a condition precedent to any right of action against Schreyer. And such, in our judgment, must be the legal effect. (*Mosher* v. *Hotchkiss*, 3 Keyes, 161 ; *Craig* v. *Parkis*, 40 N. Y., 181 ; *White* v. *Cease*, 13 Wend., 543 ; *Burt* v. *Horner*, 5 Barb., 501 ; *Moakley* v. *Riggs*, 19 Johns., 69.) It furnishes no answer, that a sale had taken place of the mortgaged premises before the trial of the issue raised by the answer interposed by Schreyer, because the plaintiff was bound to establish not only a cause of action, but an immediate *right of action* against Schreyer at the time the action was commenced. The question which has been considered seems to have been fairly presented and insisted upon at the trial, as the defendant Schreyer made the following motion at the close of the plaintiff's case.

" Plaintiff rests.

" Defendant's counsel moved to dismiss the complaint on the ground that the defendant Schreyer is an improper party defend-

ant to the action; under the guaranty the defendant Schreyer is not a proper party to the suit : the action could not have been brought upon that covenant until after course of foreclosure and sale, and until after the amount of the deficiency of the mortgage should have been ascertained by a judicial sale.

" Motion denied. Defendant excepted."

The judgment should be reversed with costs so far as it charges the defendant Schreyer with deficiency—but without prejudice to any remedy which the plaintiff may have to enforce his claim against Schreyer.

BARRETT, J. :

I concur in the construction given to the guaranty by my brother INGALLS. The only doubt which I entertained was as to the effect of the pleadings. The complaint was upon a simple guaranty of payment, omitting the words, " By due course of foreclosure and sale." The words of the answer are, " He admits that he guaranteed the payment thereof." However, as the plaintiff did not rely upon this admission, but introduced the instrument upon the trial, and as the defendant then took the point in question without objection that he was concluded by the pleadings, I think the merits may now, as well as then, be properly considered. Were it necessary, the pleadings might, under such circumstances, be conformed to the proofs, even upon the appeal. That would certainly be in the interest of justice. It seems, too, that the admission was coupled with an affirmative allegation. Now the rule is well settled that the paragraph in which the admission and the allegation are blended cannot be severed. The plaintiff could not, therefore, have concluded the defendant, by this admission, without accepting the immediate surroundings, which, as these surroundings embrace the entire affirmative defense, would have been equally fatal to him. I agree, therefore, to the reversal of the judgment.

DAVIS, P. J. :

My impression on the argument was that the flexibility of the power of the court in suits in equity might permit a contingent judgment that would enforce the liability of the guarantor in case

of a deficiency by making it dependent upon the failure to collect such deficiency on execution duly issued on the judgment against his principal. But, on reflection, I am of opinion that the guarantor is entitled to his day in court on every question as to his liability that might arise, even after foreclosure and sale, by reason of neglect or lack of *due diligence,* extension of time, or for any other cause. I think his obligation must be regarded as a *strictly legal one,* to be enforced with due regard to the doctrine *strictissimi juris,* and that, before such liability can be enforced, either at law or equity, it must have become fixed by a performance of the condition, expressed or implied, on which it depends. I therefore concur in the result reached by my brethren.

Judgment reversed. _____