(101 App. Div. 442.)

BLANDING et al. v. COHEN.

(Supreme Court, Appellate Division, First Department.  February 10, 1905.)

1. GUARANTY—LIABILITY OF GUARANTOR—NECESSITY OF SUIT AGAINST PRINCIPAL.

Where defendant guarantied the collection of amounts to become due under a contract for the sale of goods, the guaranty was conditional, defendant not being liable until judgment was obtained and execution issued against the principal.

2. SAME—JUDGMENT AGAINST PRINCIPAL—CONCLUSIVENESS AGAINST GUARANTOR.

Where a guarantor is given opportunity to defend an action against the principal, judgment against the latter conclusively establishes the guarantor's liability.

3. SAME—LIABILITY FOR COSTS.

Where defendant guarantied the payment of amounts to become due for goods sold the principal, defendant was also liable for the costs in an action against the principal to recover the amount due.

4. SAME—EVIDENCE OF PRINCIPAL'S LIABILITY—HARMLESS ERROR.

In an action against one who had guarantied the payment of amounts to become due under a contract for the sale of goods, proof of the recovery of judgment against the principal, and the return unsatisfied of an execution against him, was sufficient, and rendered it unnecessary to prove the delivery of the merchandise under the contract, the contract price, or the failure to pay, but the admission of evidence of these things was harmless.

5. SALES—CONTRACT PRICE—VALUE—EVIDENCE.

On an issue as to the value and contract price of certain merchandise, evidence that bills were rendered the buyer and retained by him without objection, and of the price at which such merchandise sold on the exchange, is admissible.

6. SAME—REFRESHING MEMORY.

A witness testifying as to the price of milk at a given time may refresh his memory by reference to a newspaper proven to be recognized by milkmen as the standard authority on the exchange price of milk.

Action by Lucien A. Blanding and another against Isaac M. Cohen. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Henry A. Friedman, for appellant.
Edward P. Lyon, for respondents.

McLAUGHLIN, J.  The plaintiffs had a written contract with one Levy, by which they were to deliver to him milk, butter, cheese, and cream at certain times and prices.  Indorsed upon this contract, prior to the delivery of any of the articles, was the following, signed by the defendant:

"In consideration of the delivery of milk, etc., by the parties of the first part to the party of the second part, and for value received, I guarantee the collection of the amounts to become due on the above contract."

The plaintiffs made deliveries under the contract, and, Levy having failed and neglected to pay bills rendered therefor, action was brought against him to recover the contract price.  The plaintiffs

had a judgment, upon which execution was issued, which was returned unsatisfied, and they thereupon brought this action to recover from the defendant upon his guaranty.

At the trial the plaintiffs proved the recovery of the judgment against Levy, the issuance of an execution thereon, and its return unsatisfied. They also proved, at the suggestion of the trial court, the delivery of the milk, butter, cheese, and cream under the contract, the prices at which the same were delivered, and the rendition of bills therefor, which were not disputed, but never paid.

The judgment against Levy was binding upon the defendant. He had notice of the pendency of that action, was present at the trial, and could have defended the same had he seen fit to do so. The guaranty was a conditional one. It depended upon the plaintiffs' procuring judgment against Levy and taking the proper steps to collect from him by the issuance of an execution thereon. This was a condition precedent, and without it plaintiffs could not recover against Cohen. Northern Ins. Co. v. Wright, 76 N. Y. 445; Mosher v. Hotchkiss, *42 N. Y. 161. These steps having been taken, to the knowledge of Cohen, and he having been afforded an opportunity to defend the action, the judgment established his liability under his guaranty, which, in addition to the purchase price of the milk, butter, cheese, and cream, included the costs incurred in the Levy judgment and the sheriff's fees for receiving and returning the execution. Mosher v. Hotchkiss, supra. Having proved the recovery of the judgment against Levy, and the issuance and return of an execution unsatisfied, it was unnecessary to prove the delivery of the merchandise under the contract, the contract price, and failure to pay, because the judgment conclusively established these facts. However, such proof did not injure the defendant. We have examined the various alleged errors as to the admission of this proof, but there does not seem to be any merit in any of them. If it had been necessary to offer such proof, the same was admissible, and the objections thereto were unavailing. The bills rendered to Levy, and his retention of them, without objection, was some evidence of value and the price agreed to be paid. The price at which butter, milk, and eggs were sold on the exchange was also some evidence of value. Cliquot v. U. S., 3 Wall. 115, 18 L. Ed. 116. It was competent for the witness Shepard to refer to a newspaper for the purpose of refreshing his recollection as to the price of milk at a given time, proof having also been given that such paper was recognized by milkmen as the standard authority on the exchange price of milk. Terry v. McNiel, 58 Barb. 241; Harrison v. Glover, 72 N. Y. 451. But, as already said, this proof was unnecessary. At the conclusion of the trial the facts upon which plaintiffs' right to recover depended were not disputed, and the trial court, such being the situation, properly directed a verdict for the plaintiffs.

It follows, therefore, that the judgment appealed from should be affirmed, with costs. All concur.