JONAS & NAUMBURG CORPORATION, Appellant, v. MAYER MICHLIN (Sometimes Known as MEYER or MAYR MICHLIN) and Another, Respondents.

First Department, June 3, 1927.

Guaranty and suretyship — action on contract made by defendants guaranteeing performance of agreement between corporation and plaintiff compromising action for breach of contract — guaranty agreement recited that it was executed "in consideration of the execution simultaneously" of compromise agreement — consideration for compromise agreement sustains collateral contract of guaranty — defendants are bound by judgment against corporation for breach of compromise agreement.

This is an action to recover on a written agreement by the defendants purporting to guarantee the performance of an agreement entered into between the plaintiff and a corporation.   It appears that an action was pending between the plaintiff and the corporation to recover damages for breach of a contract and that during its pendency a compromise agreement was entered into between the corporation and the plaintiff, whereby the corporation agreed to assign to the

plaintiff its right to purchase 35,000 skins under a certain contract and to sell an additional 15,000 skins at prices agreed upon, and also to give the plaintiff two notes for $500 each, indorsed by the present defendants. The agreement further provided that in event of default by the corporation or by the defendants herein, judgment might be entered for $5,000 less a credit of six cents for each skin actually delivered. The defense that the guaranty agreement was without consideration has no foundation in law or fact, since it appears that it recited that it was executed " in consideration of the execution simultaneously " of the compromise agreement. Consideration for the compromise agreement is sufficient also to sustain the contract of guaranty irrespective of whether any benefit moved directly to the defendants herein.

The contention by the defendants that the compromise agreement provided for the payment of six cents per skin for any skins undelivered, and that, therefore, the judgment recovered against the corporation was excessive cannot be sustained. The compromise agreement did not so provide but provided that a credit on the stipulated damages of six cents for each skin actually delivered would be given in case of default by the corporation.

Furthermore, the defendants are bound by the judgment entered in the action by the plaintiff against the corporation upon the corporation's default, for it appears that the defendants were notified of the application for judgment, had an opportunity to oppose the same, and in fact one of them did submit an affidavit in opposition to the motion. They cannot now complain as to the correctness of the amount thereby determined to be due to the plaintiff from the corporation.

APPEAL by the plaintiff, Jonas & Naumburg Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of December, 1926, as resettled by an order dated January 10, 1927, denying plaintiff's motion for judgment on the pleadings, or, in the alternative, for summary judgment in favor of the plaintiff.

*Alfred L. Becker* of counsel [*James J. Franc* and *Harter F. Wright* with him on the brief; *Franc & Becker*, attorneys], for the appellant.

*William M. Silverman,* for the respondents.

FINCH, J. Is the plaintiff entitled to have the denials of the answer stricken out as sham and be granted judgment on the pleadings, or, in the alternative, be granted summary judgment under rule 113 of the Rules of Civil Practice? We are of the opinion that the plaintiff is entitled to the relief prayed for upon both grounds of the motion.

The plaintiff brought an action to recover damages for breach of contract against a corporation known as Society Michlin & Sons, Ltd., organized under the laws of the Republic of Latvia and hereinafter referred to as the Latvian corporation. During the pendency of said action an agreement was entered into between the plaintiff and the Latvian corporation for the compromise and

settlement of the plaintiff's cause of action. By said agreement the Latvian corporation assigned to the plaintiff its right to purchase 35,000 skins under a certain contract and agreed to sell to the plaintiff 15,000 additional skins at prices agreed upon, also to give to the plaintiff two notes for $500 each, indorsed by the present defendants, each note containing a clause accelerating the due date in the event of any default under the compromise agreement on the part of the Latvian corporation or these defendants. It was further provided by said agreement that these defendants would jointly and severally guarantee the performance of the aforesaid agreement, and that in the event of a default in performance by the Latvian corporation or by these defendants, judgment might forthwith be entered in the pending action against the Latvian corporation for $5,000, with interest from the date of the agreement, plus costs and disbursements, less a credit of six cents for each skin actually delivered to the plaintiff pursuant to the agreement, and less any payments made upon the said notes. Pursuant to the aforesaid agreement, these defendants executed an instrument, attached to the complaint and reading in part as follows: " In consideration of the execution simultaneously herewith of the foregoing agreement by Jonas & Naumburg Corporation, we, the undersigned * * * do hereby jointly and severally guarantee to Jonas & Naumburg Corporation the full, faithful and punctual performance of each and every covenant of the foregoing instrument by [the Latvian corporation] * * * and the payment by the said [Latvian corporation] of the judgment provided for in the foregoing instrument in case of its default thereunder."

The Latvian corporation failed to pay one of the notes for $500 when it became due, whereupon the plaintiff exercised its right under the agreement to declare the other note for $500 immediately due and payable. There was also a failure on the part of the Latvian corporation to deliver the total number of skins provided for by the aforesaid agreement of compromise. The plaintiff accordingly entered judgment against the Latvian corporation for the sum of $2,234.45, as it was entitled to do by the express terms of the compromise agreement. The judgment with notice of entry was served on the attorney for the Latvian corporation, notice of non-payment given to these defendants and demand for payment made upon them.

The answer of the defendants contained certain denials which, however, do not put in issue any of the material allegations of the complaint. The defendants set up two affirmative defenses to the action. The first defense is that the defendants' guaranty

was without consideration. This defense on the face of the pleadings appears to be without any foundation in law or in fact. In the very agreement of guaranty, annexed to the complaint, it is recited that it was executed " in consideration of the execution simultaneously herewith of the foregoing agreement by Jonas & Naumburg Corporation." The settlement of the litigation was the consideration moving to the Latvian corporation for the execution of the compromise agreement by said corporation. The consideration for the compromise agreement is sufficient also to sustain the collateral contract of guaranty executed simultaneously, irrespective of whether any benefit moved directly to the guarantors. As was said by Judge Andrews in *Erie County Savings Bank* v. *Coit* (104 N. Y. 532, 537): " Where a contract of guaranty is entered into concurrently with the principal obligation, a consideration which supports the principal contract supports the subsidiary one also. We understand this to be the settled doctrine." There was thus a good consideration for the defendants' contract of guaranty, and this fact appears upon the face of the pleadings as well as from the affidavits and hence this affirmative defense of lack of consideration is shown to be sham and without facts to support it.

Taking up now the so-called defense of substantial performance. This defense alleges that the Latvian corporation was unable to pay the note for $500 first becoming due, whereupon the plaintiff unreasonably declared the other note to be immediately due and payable. The conclusion is then stated that the omission to deliver the full amount of the skins could be remedied at a cost not to exceed $77.49, calculated on an allowance of six cents on each skin undelivered, which amount, together with the sum of $1,000 to cover the additional defaults in payment of the two notes, made a total sum of $1,077.49. This sum the defendants admit is due, and offer to pay. The real dispute between the parties involved in this defense, therefore, comes down to what the agreement between the plaintiff and the Latvian corporation provided. Said agreement did not provide for a payment of six cents per skin for any skins undelivered, but expressly provided that, in the event of failure to deliver the total number of skins called for by the contract, the damages should be arrived at by deducting from the sum of $5,000 a credit of six cents for each skin delivered. The judgment obtained by the plaintiff against the Latvian corporation is strictly in accordance with the terms of the contract, which terms are not ambiguous. Furthermore, the defendants had notice of the application for judgment against the Latvian corporation and an opportunity to oppose the same. One of the defendants in fact submitted an affidavit in opposition to the

motion. The defendants, therefore, are concluded by the judgment against the Latvian corporation as to the correctness of the amount thereby determined to be due. (*Blanding* v. *Cohen,* 101 App. Div. 442; affd., 184 N. Y. 538.) The defendants' affidavits upon the motion for summary judgment add nothing to the foregoing facts. Considered also upon the affidavits under rule 113, the same result is reached.

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the plaintiff's motion for judgment against the defendants granted, with ten dollars costs.

DOWLING, P. J., MERRELL and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.