JONAS & NAUMBURG CORPORATION, Appellant, Respondent, *v.* ADU TIRDZNIECIBAS UN RUPNIECIBAS AKCIJU SABIEDRIBA " MICHLIN UN DELI," Sometimes Known as LEDER HANDELS UND INDUSTRIE AKTIENGESELLSCHAFT MICHLIN UND SOEHNE and Sometimes Also Known as SOCIETY MICHLIN & SONS, LTD., Respondent, Appellant.

First Department, June 3, 1927.

Appeal — perfecting appeal — appeal from judgment must be taken within thirty days under Civil Practice Act, § 612 — orders — court may resettle order although time in which defendant could appeal has expired — failure of original order to deny countermotion was not irregularity and hence resettled order was proper — defendant may appeal therefrom — compromise — action on compromise agreement made in settlement of action for damages for breach of contract — difference between amount defendant concedes to be due under agreement and amount recovered is not penalty.

This is an action to recover on a compromise agreement made by the defendant to settle an action brought by the plaintiff for a breach of contract.    The judgment was entered on September 4, 1926, and a copy thereof and notice of entry were served on the defendant on September 7, 1926.    The notice of appeal appearing in the record is dated October 30, 1926.    Defendant's time to appeal expired under section 612 of the Civil Practice Act on October 7, 1926, and the appeal from the judgment is dismissed.

An order was entered and served with notice of entry on September 2, 1926.    The defendant had the right to move on October 5, 1926, although the time within which it could appeal had expired, to resettle the order so as to dispose of a countermotion made by the defendant, which disposition was omitted from the original order.

Failure of the original order to deny the countermotion was not a mere irregularity and hence the resettled order was proper and the defendant had the right to appeal therefrom.

In an action brought by the plaintiff against the defendant for breach of contract, a compromise agreement was entered into whereby the defendant agreed to sell and deliver to the plaintiff 50,000 skins and to give plaintiff two notes of $500 each. The agreement also provided that in case of default the plaintiff would have the right to enter judgment for $5,000 less six cents per skin for all skins delivered and any payments on the notes. The plaintiff was entitled to judgment on said agreement for $5,000, less the value of the skins delivered at six cents each. Defendant's contention, that the amount of the judgment should have been only $1,000 plus the value of the undelivered skins at six cents each, and that the difference between that amount and the amount of the judgment rendered constituted a penalty, cannot be sustained.

The compromise agreement was based on a valid consideration, and upon the failure of the defendant to perform as agreed, the plaintiff was entitled to recover the stipulated amount, and the difference between the two methods of computation does not constitute a penalty.

APPEAL by the plaintiff, Jonas & Naumburg Corporation, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of October, 1926, as orders a resettlement of an order entered in said clerk's office on the 31st day of August, 1926.

Appeal by the defendant, Adu Tirdzniecibas Un Rupniecibas Akciju Sabiedriba " Michlin un Deli," from said resettling order granting plaintiff's motion for judgment in its favor and denying defendant's counter-motion made under section 117 of the Civil Practice Act, and also from a judgment entered in said clerk's office on the 4th day of September, 1926, pursuant to said order entered in said clerk's office on the 31st day of August, 1926.

*Alfred L. Becker* of counsel [*Franc & Becker*, attorneys], for the plaintiff.

*William M. Silverman,* for the defendant.

FINCH, J. The defendant appeals from a resettled order and from a judgment entered pursuant to the prior order which was resettled. The judgment appealed from was entered against the defendant, a Latvian corporation, on the 4th day of September, 1926, and a copy thereof and notice of entry served on the defendant on the 7th day of September, 1926. The notice of appeal appearing in the printed record is dated October 30, 1926. It thus appears that the statutory limitation of time within which an appeal may be taken expired on October 7, 1926, since an appeal from a judgment, to be effective, must be taken within thirty days of service of a copy of the judgment and notice of entry. (Civ. Prac. Act, § 612.) Reference is made in one of the affidavits to an appeal having been taken from the judgment upon October 5, 1926, but

no such notice of appeal appears in the record before this court and hence cannot be considered. The appeal from the judgment, therefore, should be dismissed. Even if this appeal from the judgment, however, had been considered upon the merits, the judgment would have been sustained as is hereinafter shown.

The original order was entered and served with notice of entry upon defendant's attorney on September 2, 1926. The defendant moved on October 5, 1926, to resettle the order. The plaintiff opposed the application upon the ground that the defendant's time to appeal from the order had expired. The motion to resettle was granted. The plaintiff appeals from the resettled order upon the ground that the court had no authority to resettle the order after the time to appeal therefrom had expired. The motion for resettlement was based upon an omission expressly to dispose of a counter-motion made by the defendant. The court clearly had authority to resettle the order so as to dispose of the counter-motion. The order of resettlement, therefore, in so far. as appealed from by the plaintiff should be affirmed.

Taking up now the appeal by the defendant from the resettled order. The failure of the original order to deny the counter-motion was not a mere irregularity, and hence the resettled order was proper and the defendant may appeal therefrom. Taking up, therefore, the appeal by the defendant upon the merits, the defendant urges that the amount of the larger judgment as against the smaller sum for which the defendant concedes judgment should be entered, constitutes a penalty. The facts in so far as necessary to show the grounds of the decision are briefly as follows:

This action is based upon a compromise agreement between the plaintiff and defendant, said agreement being referred to and described in the decision herewith rendered in the cause of the same plaintiff against Mayer Michlin and another (*Jonas & Naumburg Corporation* v. *Michlin,* 220 App. Div. 649.) The plaintiff sued for $6,164.97 as damages for breach of a contract for sale of skins. While the action was pending the parties entered into a settlement agreement whereby the defendant undertook to sell and deliver to the plaintiff 50,000 skins and also gave to the plaintiff two notes of $500 each, containing a clause accelerating the due date in case of default under the settlement agreement. The plaintiff agreed to discontinue the action in the event that the notes were duly paid and the skins delivered. In case of default, the plaintiff was given the right to enter judgment for $5,000, with interest and costs, less six cents per skin for the skins delivered and anything paid on the notes. The defendant failed to pay the note first becoming due and also failed to deliver 1,291½ skins.

The plaintiff thus became entitled under the terms of the contract to a judgment of $5,000, less six cents per skin for 48,708½ skins delivered, together with interest, costs and disbursements. The total amount thus due by computation, which is not disputed, equals $2,197.39. The plaintiff brought an action to recover this amount and moved at Special Term for judgment on the complaint and the agreement of settlement, on proof of default by the defendant under the agreement of settlement. The defendant did not answer but made a counter-motion to be relieved from the payment of any amount in excess of $1,077.49, which amount the defendant conceded to be due to the plaintiff. The defendant contended that since only 1,291½ skins remained undelivered out of a total of 50,000 skins, the plaintiff's damage for non-delivery, figured at six cents per skin, was but $77.49; that adding to this the amount of the two unpaid notes, namely, $1,000, gave a total of $1,077.49 and that the difference between this amount of $1,077.49 and the amount claimed by the plaintiff under the contract, namely, $2,197.39, constituted a penalty. In so contending, however, the defendant overlooks the fact that the amount of the settlement under the compromise agreement, even in the event of a default, was less in amount than the original sum claimed. It also must be considered that a judgment is not the equivalent of cash. It may well be that $1,000 in cash and the purchase of 50,000 skins were worth more to the plaintiff than a judgment for $5,000. The plaintiff's original claim, as noted, was for $6,164.97. The plaintiff liquidated and compromised this claim at the sum of $5,000, to be recovered as damages in the event that the defendant failed fully to perform the compromise agreement. Moreover, even though the value of performance by the defendant might not have been as valuable to the plaintiff as the stipulated amount, nevertheless upon the defendant's failure fully to perform, the plaintiff may recover the stipulated amount. As was said by Mr. Justice Harlan in *United States Mortgage Company* v. *Sperry* (138 U. S. 313, 348): " The construction placed upon the stipulation and order of January 18, 1882, is in harmony with the rule, supported by authority, that ' where a certain sum of money is due, and the creditor enters into arrangements with his debtor to take a lesser sum, provided that sum is secured in a certain way and paid at a certain day, but if any of the stipulations of the arrangement are not performed as agreed upon, the creditor is to be entitled to recover the whole of the original debt, such remitter to his original rights does not constitute a penalty, and equity will not interfere to prevent its observance.' " The amount recovered by the plaintiff, therefore, did not constitute a penalty.

It follows that the appeal from the judgment should be dismissed, with costs, and the order appealed from affirmed, without costs.

DOWLING, P. J., MERRELL and McAVOY, JJ., concur.

Order entered October 8, 1926, affirmed, without costs. Appeal from judgment dismissed, with costs to plaintiff against defendant.