### JOHNSON v. NEW YORK, O. & W. RY. CO.
### No. 4419.

District Court, E. D. New York.

Jan. 19, 1931.

Alfred T. Rowe, of New York City, for plaintiff.

Watts, Oakes & Bright, of Middletown, N. Y., for defendant.

CAMPBELL, District Judge.

This is a motion made, on the return of an order to show cause, for an order:

(1) Setting aside the service of the summons and complaint in this action and dismissing this action upon the ground that this court has no jurisdiction hereof; or

(2) Dismissing the complaint upon the ground that there is another action pending in the United States District Court for the Southern District of New York for the same relief and between the same parties; or

(3) Why an order should not be made in this action staying all proceedings herein pending the determination of the said action in this court in and for the Southern District of New York aforesaid and extending the time of the defendant to plead until twenty days after the service of a judgment determining the said action in the Southern District of New York; and

(4) Why this defendant should not have such other and further relief as to this court may seem proper.

As I indicated on the argument, the evidence supports the contention of the plaintiff that the defendant, at the time of the commencement of this action, was doing business in the Eastern district of New York.

So much of title 45, § 56, U. S. C. (45 USCA § 56), under which this action was brought, as is necessary for consideration on this motion, reads as follows: "Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which

the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several States, and no case arising under this chapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."

There is therefore no question as to the jurisdiction of this court. The only question is that which I suggested to counsel on the argument of this motion: Is the plaintiff by the wide latitude of selection of forum accorded to him by the section last quoted, and the terms of the section itself, limited to the forum which he first selected?

Considering that by the prior act, the plaintiff was limited to the court of the district of the residence of the defendant as the forum in which he could sue (Cound v. Atchison, T. & S. F. Ry. Co. (C. C.) 173 F. 527, 533), and that by the amendment of 1910 the selection of forum was so widely extended, obviously for the purpose of relieving the poor man from the extreme difficulty if not impossibility of securing the attendance of witnesses at a distant point, the jurisdiction of the United States courts was declared to be concurrent with that of the courts of the several states, and the United States courts were prevented from removing to them any case arising under said section, brought in any state court of competent jurisdiction, it would seem that the defendant should not be vexed by a multiplicity of actions brought by the same plaintiff to recover on the same cause of action in the several districts in which it does business; but the difficulty is that the act does not in express terms so provide.

No authorities have been cited by counsel dealing with this particular question, and I, by independent investigation, have found none.

Therefore, notwithstanding the fact that our courts are putting forth their best efforts to bring their calendars up to date, they must be hampered with a multiplicity of suits by the same plaintiff against the same defendant, to recover on the same cause of action, unless the section in question can be read as limiting the plaintiff to one suit in the forum selected by him.

■ The action at bar is in personam and not in rem.

An action for damages for personal injuries is a transitory action, and a prior suit in a state or federal court in the same state furnishes no ground for a plea of abatement to a second suit. Kline v. Burke Construction Co., 260 U. S. 226, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077; Holmes County, Miss., v. Burton Construction Co. (C. C. A.) 272 F. 565, 567.

■ Neither does the fact that a prior suit in personam has been instituted furnish grounds for staying the prosecution of the action in either court. Stanton v. Embrey, 93 U. S. 548, 23 L. Ed. 983; Standley v. Roberts (C. C. A.) 59 F. 836, 844; Barber Asphalt Paving Co. v. Morris (C. C. A.) 132 F. 945, 948, 67 L. R. A. 761.

■ The defendant cannot under rule 107, subd. 4, of the Rules of Civil Practice (New York), or section 278 of the Civil Practice Act (New York), dismiss the action at bar on the ground that another action is pending between the same parties, for the same cause, for the reason that, under the statutes, practice, and procedure of the United States courts, the pendency of such an action is not a ground for such dismissal, and that, under the Act of Conformity (title 28, § 724, U. S. C. [28 USCA § 724]), conformity to the practice, pleadings, and forms of procedure in the action at bar is to be as nearly as may be to that of the State Courts but not in contravention of the law or practice or procedure as adopted by the federal courts.

■ Realizing as we all must the vexation of defendant and the clogging of court calendars by the institution of a multiplicity of actions for the same cause in different courts, I cannot find from a reading of section 56, 45 USCA, supra, under which this action is brought, that plaintiff is prevented from bringing more than one action for the same cause, in different courts, and therefore relief from such a situation as is presented in the case at bar, where the purpose of bringing this action is apparently to overcome the denial of a preference in the action in the Southern district, can only be obtained by legislative action and not by judicial decision.

The defendant having relied on its motion to dismiss has not answered; therefore the motion is granted only to the extent that the time of the defendant to answer is extended twenty days after service upon its attorneys of the order to be entered, and in all other respects the motion is denied.