Max J. Wolff, Ref.
This action was tried before me by consent without a jury. Findings were waived.
There is a substantial controversy here only in relation to the alleged cause of action against the defendant Green, who is sued upon his written guarantee of the indebtedness of the corporate defendant, Keystone Sportswear Co., Inc., which as established in this action amounts to $4,253.08. Inasmuch as Green had the opportunity to defend the suit against his codefendant, the principal obligor, and actually participated in such defense, he is bound with respect to the amount found to be owing from the said principal to the plaintiff (Blanding v. Cohen, 101 App. Div. 442, affd. 184 N. Y. 538; Jonas & Naumburg Corp. v. Michlin, 220 App. Div. 649).
The guarantee was signed by Green, the president of the corporate defendant, on July 26, 1957 and was delivered by him on the same day to the plaintiff’s attorney, who had prepared it. It contains a recital, which has no legal effect here, that it was “ made as of the first day of March, 1957 ”. Concededly, no merchandise was delivered to the corporate defendant by the plaintiff after the execution of the guarantee. The corporate defendant was no longer actively engaged in business at the time, and the inference is inescapable that no further deliveries to it were contemplated. It was then already indebted to the plaintiff, for merchandise theretofore delivered to it, at least in the amount found against it in this action. It is necessary to consider the following excerpts from the guarantee in suit:
“Whereas, the Company (the plaintiff, an individual doing business under a company trade name) is unwilling to extend or continue credit to Keystone (the corporate defendant) unless it receives a guaranty of the undersigned covering the liabilities of Keystone to the Company, as hereinafter defined.
'' Now, therefore, in consideration of the premises and of other good and valuable consideration and in order to induce the Company from time to time, in its discretion, to extend *622 or continue credit to Keystone, the undersigned hereby guarantees, absolutely and unconditionally, to the Company, the payment of all liabilities of Keystone to the Company of whatever nature, whether now existing or hereafter incurred ’ ’.
The plaintiff asserts that the true consideration for the guarantee was his promise “to * * * continue credit to Keystone ’ ’ and that the words “to * * * continue credit ’ ’ were intended to express his agreement to forbear from suing Keystone. He testified in substance that he orally promised Green not to sue Keystone " immediately ’ ’ provided that its indebtedness to him would be paid in full within 30 days, presumably from July 26, 1957, and if also in the meantime weekly payments on account, of $500 each, would be made. The plaintiff’s attorney gave evidence to the same effect and testified that he had told Green that he would hold the instrument of guarantee in escrow for a period of 30 days. This is borne out by a letter dated July 26, 1957 which the plaintiff’s attorney gave to Green on that day. The defendant Green contends that the consideration actually agreed upon but not set forth in the writing consisted of the plaintiff’s undertaking to deliver additional merchandise on credit, not to Keystone but to himself, for use in a new enterprise in which he was then engaged. The plaintiff instituted this action against the corporate defendant on August 13, 1957, just 18 days after the execution and delivery of the guarantee. He contends that this was permissible under the agreement since none of the promised weekly payments of $500 were made. It is this controversy concerning consideration which the plaintiff would have the court resolve on the basis of parol evidence.
Thus, according to the plaintiff, the consideration for the guarantee was his oral promise, definite in every respect, not to sue the principal debtor for 30 days upon condition that within such time the agreed weekly payments would be made to him. But the Statute of Frauds (Personal Property Law, § 31, subd. 2) requires that such a promise, being a consideration wholly executory and therefore contractual in nature, be stated in writing (Brodlie v. Fink, 275 App. Div. 1061). The written words “to * * * continue credit ”, even if read as meaning “ to forbear to sue ”, do not open the door to parol evidence of the specific agreement testified to hy the plaintiff concerning the duration of the period of forbearance and the condition upon which such forbearance would be predicated. Moreover, the oral agreement upon which the plaintiff relies is a distinct variance from the provisions of the written guarantee, which left the plaintiff free “ from time to time, in its discre *623 tion, to * * * continue credit to Keystone ”. This reserved discretion to forbear from bringing suit, which ‘ ‘ from time to time ” might or might not be exercised by the plaintiff, is no firm commitment, not even a conditional one, not to sue for 30 days. Certainly no such commitment is inferable from the language of the written guarantee. The absence from that writing of a frame of reference into which could be fitted parol evidence concerning the terms of the oral agreement for continuance of credit is no mere ambiguity. Also, it is reasonable to believe that an agreement so specific as that here relied upon would have been included in the writing itself (cf. Mitchill v. Lath, 247 N. Y. 377; Fogelson v. Rackfay Constr. Co., 300 N. Y. 334).
The result here would have been otherwise if deliveries of merchandise had been made after the execution of the guarantee. But as there is nothing to support the guarantee except an executory consideration consisting of an oral promise, which cannot be inferred from the writing, this action against the guarantor is governed by the principles indicated in Standard Oil Co. v. Koch (260 N. Y. 150) and must therefore fail.
Scherer v. East Side Nat. Bank (263 N. Y. 190) upon which the plaintiff heavily leans, is an unusual case, which is not applicable here. There the bank which received the instrument of guarantee in reliance upon it failed immediately to enforce a demand note which it held but “ carried the loan for from five to eight months ” (supra, p. 196). Also, that “ bank credit” was involved appears to have been a controlling circumstance (supra, p. 196). That decision should be read with others of like import relating to banks holding apparently valid obligations (cf. Mount Vernon Trust Co. v. Bergoff, 272 N. Y. 192).
No averment of the complaint herein gave notice that at the trial the plaintiff would offer evidence of an oral agreement wholly beyond the specific terms of the written guarantee and indeed contradictory thereof. The guarantee was annexed to and was by reference incorporated in the complaint. Therefore, the defendant guarantor was not required to plead a separate defense predicated upon the Statute of Frauds. It was enough for him to allege in his answer, as he did, that there was an absence and failure of consideration for the guarantee, admitting only its execution and setting forth his contention concerning its meaning and effect. This is so because neither the complaint nor the written guarantee embraced or forecast the particular agreement concerning executory consideration of which the plaintiff gave evidence at the trial (cf. Young v. *624 Berglas Mfg. Co., 229 App. Div. 278, 280-281; Small v. Weissberg, 7 Misc 2d 492, 494).
The complaint against the defendant Green is dismissed.
The title of the action is amended, on consent, to indicate that the said defendant, sued as Henry Green, is also known as Harry I. Green, Harry I. Greene and Harry Greenspan.
As to the complaint against the corporate defendant, Keystone Sportswear Co., Inc.: A partial summary judgment was heretofore entered against that defendant in the sum of $3,253.08, with interest from May 15, 1957. It was stipulated at the trial that the plaintiff is entitled to recover $1,000 over and above such amount provided that the partial judgment is not reversed on appeal. The stipulation, although subject to the indicated condition, contemplates and permits the immediate entry and enforcement of a judgment against the corporate defendant for the said sum. Its counterclaim is dismissed.
The clerk may enter judgment as follows: in favor of the plaintiff and against the defendant Keystone Sportswear Co., Inc., in the sum of $1,000, with interest from May 15, 1957; in favor of the defendant Green and against the plaintiff dismissing the complaint on the merits.