**METRO CORRUGATED CONTAINERS, INC., Plaintiff,**

v.

**OWENS–ILLINOIS GLASS COMPANY, Inc., Defendant.**

**METRO CORRUGATED CONTAINERS, INC., and Mac Beagelman, Plaintiffs,**

v.

**OWENS–ILLINOIS GLASS COMPANY, Inc., Defendant.**

**Civ. Nos. 20088, 20134.**

United States District Court
E. D. New York.
July 12, 1960.

360

Shapiro & Schlissel, New York City, for plaintiffs; Abraham L. Shapiro, New York City, of counsel.

Gallop, Climenko & Gould, New York City, for defendant; Jesse Climenko, New York City, of counsel.

BARTELS, District Judge.

Two actions are involved in this case. In the first action (No. 20088) plaintiff, Metro Corrugated Containers, Inc. (hereinafter referred to as "Metro") sues the defendant, Owens-Illinois Glass Compa-

ny, Inc. (hereinafter referred to as "Owens") for breach of a contract made on April 2, 1959 to sell to Metro for a period of one year a minimum of 6,000,-000 square feet per month of corrugated paperboard at an agreed price. Metro alleges that Owens failed to perform by raising its price on August 14, 1959 in violation of the agreement. Owens denies the existence of such an agreement and alleges that Metro did not accept any part of the goods allegedly contracted to be sold and counterclaims for $169,016.56 for goods sold and delivered between May, 1959 and August, 1959. In the second action (No. 20134) Metro and Mac Beagelman (an officer, director and stockholder of Metro and hereinafter referred to as "Beagelman") sue Owens for breach of an agreement made in July or August, 1958, wherein Owens is alleged to have agreed to supply Metro and Beagelman with corrugated paperboard and in addition to make the same settlement with Metro and Beagelman that Owens agreed to make with certain plaintiffs who had instituted two lawsuits involving a violation of the Sherman Act, 15 U.S.C.A. §§ 1–7, 15 note, then pending in the United States District Court for the Southern District of New York. Owens denies making the agreement and interposes identically the same counterclaim against Metro as set forth in the first action (No. 20088) and also the same counterclaim against Beagelman as a guarantor of said indebtedness.

■ The written guarantee of Metro's indebtedness was made with National Container Corporation which, in turn, was merged into Owens in July, 1958 pursuant to Ohio law. The Ohio statute expressly provides that upon merger the surviving corporation shall thereupon possess all the rights, privileges, property, obligations, etc. due to the constituent corporation. See Section 1701.84 of Ohio Revised Code. Consequently Beagelman's guarantee clearly inured to the benefit of Owens. See, W. H. McElwain Co. v. Primavera, 1917, 180 App.Div. 288, 167 N.Y.S. 815; Bank of United States v. Glickman, 1934, 241 App.Div. 92, 271

N.Y.S. 90, affirmed 265 N.Y. 539, 193 N.E. 309; Chase National Bank of City of New York v. Burg, D.C.Minn., 1940, 32 F.Supp. 230.

Owens moves in the first action (No. 20088) for a summary judgment upon its counterclaim in the amount of $169,258.-88 pursuant to Rule 56 of the Fed.Rules of Civ.Proc., 28 U.S.C.A., and in the second action (No. 20134) for a summary judgment upon its counterclaim for the same amount against Beagelman. In the second action Metro and Beagelman move for an order, pursuant to Rules 12(b) (6) and 56, to dismiss the counterclaim on the ground that another action is pending in this Court between the same parties, involving the same counterclaim.

■ Under Rule 54(b) this Court has authority to render a final judgment upon multiple claims in the situation here presented. See, Sears Roebuck & Co. v. Mackey, 1956, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297, and Cold Metal Process Co. v. United Engineering & Foundry Co., 1956, 351 U.S. 445, 76 S.Ct. 904, 100 L.Ed. 1311. Referring to Owens' counterclaims against Metro in the first and second actions, it is obvious that Owens cannot prevail in both instances. This however does not justify a dismissal of either (see Johnson v. New York, O. & W. Ry. Co., D.C.N.Y., 1931, 3 F.Supp. 80) until a final judgment is rendered in favor of Owens in one or the other. See G. & C. Merriam v. Saalfield, 1915, 241 U.S. 22, 28, 36 S.Ct. 477, 60 L.Ed. 868. Owens recognizes this principle and has agreed to discontinue its counterclaim against Metro in the second action if its motion is granted in the first action.

■■ There is no denial of the receipt of the goods and the obligation to pay. An examination of Owens' counterclaims, the pleadings, affidavits and exhibits discloses that there is no *genuine* issue as to any material fact and that Owens is entitled to a judgment on one of its counterclaims as a matter of law. Since such a judgment upon the counterclaim in the first action (No. 20088) will be *res judicata*, Owens' counterclaim against Metro in the second action (No.

20134) must be dismissed upon entry thereof. Turning to Owens' counterclaim against Beagelman, again an examination of all the papers submitted indicates no *genuine* issue as to any material fact and that as a matter of law Owens is entitled to a summary judgment. The fact that judgment on the same counterclaim will be entered against Metro in the first action is no bar to the entry of a judgment against Beagelman individually on his guarantee. Jonas & Naumberg Corporation v. Michlin, 1927, 220 App.Div. 649, 222 N.Y.S. 442. Of course payment of only one of the judgments is possible and such payment will discharge liability under the other (Restatement, Judgments, Sec. 95).

The real question raised by the pleadings is one of enforcement. Quite properly counsel for Owens has stipulated in open court that Owens will not seek to enforce Owens' judgment against Beagelman unless it is unsuccessful in collecting its judgment from Metro. Metro objects to the entry of a summary judgment against it at this time on the theory that execution of such judgment would be unjust in that (i) if Metro succeeds in action No. 20088 its recovery would by way of offset exceed Owens' counterclaim, and (ii) if Metro succeeds in action No. 20134 it would have an offset of over $20,000. The primary question for the Court upon these motions however is whether Metro's claims could defeat Owens' right of recovery in the first instance. The agreements alleged in both complaints arise out of entirely different transactions from the transactions set forth in Owens' counterclaim. Breaches of these agreements would not give rise to an affirmative defense against Owens' right of recovery. Since Metro would be unable to defeat Owens' ultimate right of recovery upon its counterclaim there appears to be no legal reason why judgment should not be entered immediately.

The equities of the situation similarly do not demand a suspension of execution. Owens is a nationally known corporation which is apparently solvent. Metro, on the other hand, does not appear to be in a comparable position and since the trial of the action will not take place in the immediate future, Owens may be prejudiced.

An equitable solution to this problem appears in Omark Industries, Inc. v. Lubanko Tool Company, Inc., 2 Cir., 1959, 266 F.2d 540, 541. There an action was commenced to recover for goods sold and delivered and the defendant alleged breach of a franchise agreement as an affirmative defense together with several counterclaims. The court held that the two actions were separable and breach of the franchise agreement is not an affirmative defense to the action for goods sold and delivered. The decision of the court below granting summary judgment on the claim for goods sold and delivered was affirmed, and the case "remanded with directions to the District Court to stay the execution of the judgment upon the filing of a bond by Lubanko in favor of plaintiff to secure the payment of the judgment * * * at the conclusion of the case * * *" less any amount awarded on the counterclaim.

The motions are therefore disposed of as follows: In the first action (No. 20088) Owens' motion for summary judgment on its counterclaim against Metro in the amount of $169,258.88 is granted but execution of the judgment to be entered thereon shall be stayed pending the final determination of the remaining issues in said action upon condition that Metro files in satisfactory form, a bond in the amount of $169,258.88 within 10 days from the date of the entry of said judgment. In the second action (No. 20134) (i) Owens' motion for summary judgment against Beagelman is granted but execution of the judgment to be entered thereon shall be stayed pending the final determination of the remaining issues in said action and until Owens fails to obtain satisfaction of its judgment against Metro; (ii) Metro's motion to dismiss the counterclaim is granted, and (iii) Beagelman's motion to dismiss the counterclaim is denied.

Settle order within 10 days on 2 days' notice.