## BOND *v.* WAGNER.

PLEA IN ABATEMENT.—PRACTICE.—Under the code, all defenses, whether in bar or in abatement, must be pleaded in the same answer.

SAME.—In an action upon an account for goods sold, the defendant pleaded in abatement the non-joinder of one who was a joint purchaser with him of the goods sued for. Issue was joined upon this answer, and after the cause had been submitted to the court, the plaintiff had leave to dismiss as to some items of the account, and leave was refused the defendant to

withdraw his answer, and also to plead in bar after the issue in abatement had been found against him.

*Held*, that there was no error in these rulings.

APPEAL from the *Gibson* Circuit Court.

FRAZER, C. J.—This was a suit by the appellee against the appellant to recover for goods sold and delivered—corn and butter.

The answer was in form in abatement, and alleged that the purchases were made, not by the defendant solely, but by him and one *Cunningham* as partners.

An issue was made upon this answer which was submitted to the court for trial. After the evidence was heard, and before the finding was announced, the plaintiff obtained leave to dismiss the case as to the claim for butter, and dismissed it accordingly, the defendant excepting. The defendant then asked leave to withdraw his answer in abatement, which was refused, and he excepted. The finding was for the plaintiff assessing his damages, and a final judgment was accordingly rendered over a motion for a new trial, and after an attempt by the defendant to answer over. All possible questions are properly saved in the record, and presented here.

In *Thompson* v. *Greenwood, ante,* p. 327, after the fullest consideration, it was held that the code requires all defenses, whether in abatement or in bar, to be pleaded in the same answer. The reasons for this ruling are stated fully, and we think so clearly, in the opinion in that case, that nothing more need be said. One consequence of that ruling must necessarily be to sweep away a technical rule of the old system of pleading upon which the appellant relies, namely, that in a suit upon an account where there was a plea in abatement for the non-joinder of a party who jointly promised, and it turned out in evidence that the plea was true as to only one item of the account, the whole action would be abated. It was so held in *Vanslyke* v. *Gilmore,* 6 Blackf. 511, and is so laid down in Chitty. This was so,

because then there could not be a plea in abatement pleaded with a plea in bar. But now you may plead in abatement as to a part of the cause of action, and in bar as to another part, at the same time, and hence the doctrine of *Vanslyke* v. *Gilmore, supra*, has no longer any foundation for its support. Just such traps and pitfalls in the old system of procedure gave rise to the code. If it had merely swept away these and other like features which were in' the way of a speedy and convenient administration of justice, its adoption would have resulted in not a tithe of the confusion and uncertainty with which it has so greatly vexed all who are charged with the conduct of litigation at the bar, and upon the bench.

There was no error in refusing leave to withdraw the answer and plead anew, upon the dismissal of the one item of the plaintiff's claim; none in refusing leave to plead over after verdict; and none in refusing the new trial on account of insufficient evidence. The evidence was such that if the verdict had been either way, we would not interfere.

The judgment is affirmed, with ten per cent. damages and costs.

*W. M. Land*, for appellant.

*C. M. Allen* and *F. W. Viehe*, for appellee.