**MARYLAND CAS. CO. v. GLASSELL–TAY-
LOR & ROBINSON et al.**

Civ. No. 1494.

District Court, W. D. Louisiana,
Lake Charles Division.

Nov. 25, 1946.

Rosen, Kammer, Wolff, Hopkins & Burke, of New Orleans, La., and Kaufman & Anderson, of Lake Charles, La., for plaintiff.

Thos. F. Porter, McCoy & King, Plauche & Plauche, J. E. Bass, Jr., Moss & Graham, and Cline, Thompson, Lawes & Cavanaugh, all of Lake Charles, La., Montgomery, Fenner & Brown, of New Orleans, La., and Herold, Cousin & Herold, of Shreveport, La., for defendants.

DAWKINS, District Judge.

The nature of this case in its inception is revealed in the opinion of this court reported in D.C., 61 F.Supp. 828, and of the Court of Appeals, for this circuit, 156 F.2d 519.

In the matter now before this court, John W. Harris, Inc., (hereafter called Harris) on September 19, 1946, filed its "Answer, Cross Claim and Counterclaim" in which it prayed for judgment against Glassell, Taylor and Robinson, (hereafter called Glassell) seeking judgment against said partnership and its members in the sum of $1,056,502.81, and against the plaintiff in the present suit, Maryland Casualty Co., as surety of Glassell, for the full amount of its bond, $595,000. Harris also prayed for an injunction against Glassell to stay prosecution of the suit by the latter against the former in the state court of Calcasieu Parish.

October 15, 1946, Glassell filed answer to the rule for the writ, praying that the injunction be denied and the application be dismissed.

The counterclaim of Harris alleges that the bond of the plaintiff herein, Maryland Casualty Co., (hereafter called Casualty Co.) was given Harris to insure perform-

ance by Glassell of a certain contract, as to which it had defaulted and that the latter had sued Harris in the state court for a large sum, alleging breach of the same contract; that Harris' defense to said state court suit would be a denial of liability "and claim in reconvention for the sum alleged to be due your respondent as the result of the default and breach of contract as set forth in the cross claim herein and in the suit of John W. Harris Associates, Inc. of Louisiana, vs. Maryland Casualty Co. et al" in the Federal Court for the Eastern District of Louisiana; that Harris had been enjoined in the present case from proceeding further against the Casualty Company both in the Calcasieu state court and the Federal Court for the Eastern District of Louisiana; that the subject matter of all three suits, including the present one, as between Harris and Glassell, is the same; and that the injunction sought here is to prevent a multiplicity of suits and to prevent "grave harm and injustice and irreparable injury to your respondent in that it is deprived by injunction of setting forth its defense and reconventional demand in said suit"; and further that Glassell should therefore be required to set forth any claim that it has in this case.

October 22, 1946, Harris filed an "amended cross claim", alleging that Glassell had entered into a contract with one Paul E. Workman, (hereafter called Workman), further subletting a part of the work which it had contracted with Harris to perform, and upon which the said Workman had also brought suit against Glassell and others in Calcasieu state court. While the amendment does not allege specifically that Harris was made a party in said Workman suit it asks that he be made party defendant to the cross claim and that he be enjoined along with Glassell from further prosecuting the demand in the state court; that a comparison of the suits by Glassell and Workman in the state court will show that the demand against Harris by Workman "is included in the amount sued for by Glassell"; and that cross claimant is therefore "exposed to multiple liability."

The answer of Glassell to the order to show cause why the injunction should not issue is a denial of the right thereto coupled with admission of the filing of the suits by it and Workman.

■ The effect of the injunction granted the Casualty Co. in the present suit was to stay the several actions enumerated in the opinions of this court and the Court of Appeals, both in the state court and the Federal Court for the Eastern District of Louisiana, insofar as that company was concerned, but left the plaintiffs therein free to prosecute their claims to judgment against all others save the surety company. If the writ sought here is denied, those recovering such judgment could execute against the parties cast, but process against the Casualty Company could not issue until this interpleader action has been determined. Both Harris and Workman, together with others, are here at the instance of the Casualty Company and have been enjoined from proceeding further with their demands against it in other courts; so that, if they have not already done so, they will no doubt seek determination of those claims here. As a matter of fact, as pointed out above, Harris has already prayed for judgment against Glassell in the sum of $1,056,502.81; and against the Casualty Company in the amount of its bond, $595,000. As to all those whom plaintiff had brought into this case, this court has jurisdiction and must exercise it in view of the decision of the Court of Appeals to determine first, the liability of the plaintiff, Casualty Company, in the interpleader action, to each of them, and as a necessary consequence, if it is found that there is such liability, the amounts of those claims, priorities, if any, and the extent of participation in the proceeds of said bond. If it be found that Harris, obligee herein, alone, can maintain its action on the bond, then this court will have to first determine the claims and counterclaims as between Harris and Glassell. If Harris is successful, then it will be entitled to judgment against the Casualty Company and Glassell in solido to the extent of the latter's bond and against Glassell for any overplus. On the other hand, if Glassell is successful and should recover against Harris, the surety will be exonerated, unless it should be found under the facts and law

that it was liable to the other claimants whose demands arose from subcontracts or for labor and materials furnished to Glassell, obligor, under the bond. Any such claims, which are disputed by Glassell, would either have to be asserted and settled here or in some other proceeding against it. If it were decided that the Casualty Company was liable to claimants against Glassell, they too would have to be determined, at least as to those asserted in this proceeding. If they do not choose to appear, I know of no means for compelling them to do so, as could the state court in the concursus. The demand of the counterclaimant has the effect of saying that Harris, one of the defendants herein, an obligee under the bond, is entitled to draw into this proceeding all those making claims against it under the subcontract between it and Glassell, including the latter. Glassell's liability to Harris is the same as that of the surety to the extent of its bond. The injunction heretofore granted does not include Glassell, for the simple reason that he has not made and could not make any demand against the plaintiff, his own surety. On the other hand, Glassell is a necessary party to the determination of the liability of the Casualty Company, to Harris. It could happen that Glassell would recover in the state court, while the judgment in this court would run in favor of Harris. Should the latter recover against Glassell here the judgment would in all likelihood go also against the Casualty Company. Which of such conflicting judgments would be binding? The surety company, having had the suit against it enjoined in the state court and in the Federal Court for the Eastern District of Louisiana, will not be bound by judgment in other courts; but Harris and Glassell, as well as the other defendants, notwithstanding their litigation in those courts, will be bound along with the Casualty Company to the extent of the judgment affecting them here. Ordinarily, when suits are brought upon the same claim in both the state and Federal courts, where the custody of property is not involved, each can proceed without interference from the other. The latter is forbidden by statute from enjoining state court action. Judicial Code, § 265, Tit. 28 U.S.C.A. § 379. The judgment of the court first deciding the matter may be plead as res judicata in the other suit which remains undetermined and that court is required to consider and decide the issue "as it would determine any other question of fact or law in the prosecution of the case." Kline v. Burke Construction Co., 260 U.S. 226, 230, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; Cyc.Fed.Proc. (2d Ed.) Vol. 1, Sec. 116; Johnson v. New York O. &. W. R. Co., D.C., 3 F.Supp. 80. However, in the present case, insofar as the rights of Harris against the Casualty Company are concerned a determination of its rights against Glassell alone in the state court would not be res judicata here against said surety, because it has been eliminated from the suit in the state court. This court might find, upon the same state of facts and law, that the liability of Glassell to Harris was greater or less than the state court, or that Glassell owed Harris nothing, or that Glassell was entitled to recover against Harris. While as between Glassell and Harris, the judgment of the state court, if rendered first, might be pleaded as res judicata here, it would not be binding upon the Casualty Company.

It would appear therefore that the only forum that can render a final judgment, binding alike upon Harris, Glassell and the Casualty Company, is this court, where jurisdiction exists over all three. In that sense, the bond furnished here by plaintiff in the interpleader action may be said to be assimilated to the res or tangible property in other cases (since the bond takes the place of the deposit of cash), especially in view of the fact that the state court has been deprived of the power to determine the rights of the many claimants under said bond, and in view of the possibility of conflicting judgments with respect thereto which cannot be put at rest by res judicata based upon said state court decision.

This court would be bound to decide the controversy between Glassell and Harris in order to determine the Casualty Company's liability. The latter will be concluded by whatever judgment is rendered. It is impossible therefore for me to visual-

ize a situation where the surety company would be bound but in which one of the other parties might bring into this court a different determination of the rights of the obligor and obligee under the bond and have the same made a part of or be substituted for the judgment of this court. The surety is entitled to this court's judgment upon the extent of its liability, which is secondary, and it can scarcely be denied that it would have a just complaint if that liability was made greater than was found here because of the decision of the state court that its principal owed the obligee more.

In view of the complication thus produced by the maintenance of the proceeding here while leaving those in the state court and the Federal Court for the Eastern District of Louisiana to be pursued, I feel constrained to grant the injunction sought by the counterclaimant, Harris, against Glassell and Workman.

Proper decree should be presented.