BARNETT, APPELLANT, *v.* BALTIMORE & OHIO RD. CO., APPELLEE.

(No. 760—Decided November 25, 1963.)

*Messrs. Spangenberg, Hasenflue & Shibley* and *Mr. Donald P. Traci,* for appellant.

*Messrs. Shumaker, Loop & Kendrick* and *Messrs. Carpenter & Paffenbarger,* for appellee.

FESS, J. This is an appeal on questions of law from an order of the Common Pleas Court dismissing plaintiff's petition. On August 28, 1959, plaintiff filed an action in the United States District Court for the Northern District of Ohio, Eastern Division, under the Federal Employers' Liability Act, Title 45, Section 51 *et seq.,* U. S. Code, in the sum of $250,000 for personal injuries allegedly caused by the negligence of the defendant railroad. On November 15, 1960, the cause was transferred from the Eastern Division to the Western Division. The action proceeded to trial on March 13, 1961, before a United

States district judge for the Western Division, and a jury was duly empanelled, after which, at the election of the plaintiff, the jury was discharged and the cause continued for trial.

On November 8, 1961, the plaintiff filed an amended complaint in the United States District Court. Thereafter on November 15, 1961, plaintiff commenced an action in the Court of Common Pleas of Huron County, Ohio, under the Federal Employers' Liability Act for such personal injuries, which is identical in all respects to the amended complaint filed on November 8, 1961, in the United States District Court. On January 18, 1962, counsel for the respective parties were informed by the United States District Court that the case was assigned for pre-trial conference on February 1, 1962. On the latter day, the United States district judge signed a pre-trial order reading in part as follows:

"Plaintiff requests the court to entertain a motion to dismiss this case without prejudice and upon consideration thereof the court grants such request.

"Plaintiff is therefore granted leave to file such motion within fifteen days."

On March 3, 1962, plaintiff filed a motion for an order permitting the plaintiff to dismiss the action without prejudice and by order dated May 9, 1962, the United States district judge denied plaintiff's motion to dismiss his action without prejudice and no further proceedings have been had to date in the federal court.

After the plaintiff had commenced his action in the Court of Common Pleas of Huron County (November 15, 1961), on December 29, 1961, the defendant filed an answer in which it alleged in paragraph 8 thereof that the Court of Common Pleas should not take jurisdiction for the reason that at the time of the commencement of the action in the Common Pleas Court there was pending an identical action between the same parties for the same cause of action and seeking the same relief in the United States District Court.

Thereafter the defendant filed its motion in the Court of Common Pleas for an order dismissing plaintiff's petition on the ground that an identical prior action between the same parties was pending in the United States District Court. Such motion was supported by affidavit of defendant's counsel. After

oral hearing of such motion to dismiss, on June 13th the judge of the Court of Common Pleas ordered the petition dismissed at plaintiff's cost. From such order the instant appeal is taken to this court. Although the journal entry does not specify the ground of dismissal, presumably it was on the ground of another action pending in the federal court.

Without question, by the Federal Employers' Liability Act, Congress has conferred concurrent jurisdiction upon the federal and the state courts to entertain actions under such Act. Such actions brought in state courts may not be removed to any District Court of the United States. Title 28, Section 1445, U. S. Code, formerly Section 6 of the Act as amended in 1910, 36 Stats. at L., 291.

In 1 American Jurisprudence, 44, Abatement and Revival, Section 40, it is stated:

"It is now well established that the pendency of an action in personam in the state court cannot be pleaded in abatement of a subsequent suit brought in the federal court having concurrent jurisdiction with the state court, although both suits are between the same parties and for the same cause."

Among the authorities cited in support of the above statement are *Kline* v. *Burke Construction Co.,* 260 U. S., 226, 67 L. Ed., 226, 43 S. Ct., 79, 24 A. L. R., 1077, and *Barber Asphalt Paving Co.* v. *Morris, Judge,* 132 F., 945, 67 L. R. A., 761— an opinion written by Sanborn in which Van Devanter and Hook concurred. Neither of these cases involved the Federal Employers' Liability Act.

The *Kline case* was one in which an action for breach of contract was brought in federal court on the ground of diverse citizenship and the Supreme Court held that the federal court could not enjoin the prosecution of a subsequent action brought in a state court involving the same cause of action and which was not removable to the federal court but that the two actions must be allowed to proceed until the judgment is reached in one court which can then be pleaded in the other as *res judicata.*

In reaching its conclusion the court referred to the distinction between actions involving a *res* and those *in personam* and said, at page 235:

"The well-established rule, to which we have referred, that where the action is one *in rem* that court—whether state or

federal—which first acquires jurisdiction draws to itself the exclusive authority to control and dispose of the *res*, involves the conclusion that the rights of the litigants to invoke the jurisdiction of the respective courts are of equal rank. See *Heidritter* v. *Elizabeth Oil-Cloth Co.*, 112 U. S., 294, 305. The rank and authority of the courts are equal but both courts cannot possess or control the same thing at the same time, and any attempt to do so would result in unseemly conflict. The rule, therefore, that the court first acquiring jurisdiction shall proceed without interference from a court of the other jurisdiction is a rule of right and of law based upon necessity, and where the necessity, actual or potential, does not exist, the rule does not apply. Since that necessity does exist in actions *in rem* and does not exist in actions *in personam*, involving a question of personal liability only, the rule applies in the former but does not apply in the latter.''

The *Barber Asphalt case* holds:

''The pendency in a state court of a prior action between the same parties for the same cause furnishes no ground for an abatement or for a stay of proceedings in a subsequent action brought by the same plaintiff in a federal court, where no conflict arises between the courts over the custody or dominion of specific property.''

In stating the reason for the rule that a federal court may not stay or abate an action on the ground that a prior action is pending in a state court, the court says at page 951:

''The reason for the rule that the pendency of an action in a state court is no bar and furnishes no ground for the abatement of another action for the same cause between citizens of different states in the federal court is that the latter court has concurrent jurisdiction of such controversies with the courts of the state, and that citizens of different states have the constitutional right to the independent opinion and judgment of the judges of the national courts upon the questions presented by their controversies at least until those questions have become res adjudicata by the judgments of other competent courts. Orders that such citizens shall secure no such opinions until they are conclusively estopped from obtaining them by the final judgments of other courts upon their controversies as effectually deprive them of their rights to adjudications in the

national courts as judgments sustaining pleas in bar or in abatement. Nay, they deprive them of those rights more effectually, because such judgments are reviewable by appeal or by writ of error, while such stays may not be so challenged. The power is granted to the judges of the Circuit Court and the duty is imposed upon them by the Constitution and the acts of Congress to form and express their independent opinions upon controversies between citizens of different states over which the jurisdiction of their courts is properly invoked. However grateful to them and courteous to others it would be in cases of concurrent jurisdiction to await the opinions of the respected and able jurists who adorn the benches of the courts of the states, and then to be bound by their decisions, that power may not be lawfully abdicated, nor may that duty be legally renounced, by the judges of the federal courts. The order staying the proceedings in the action in the Circuit Court until the final determination of the appeals in the state courts is violative of these principles, is calculated to deprive the petitioner of its right to the independent decision of the federal court upon the questions involved in its controversy, and it cannot be sustained.''

On pages 44 and 45 of 1 American Jurisprudence it is stated:

''The converse of this rule is equally true as a general proposition: The pendency of a prior suit in the federal court is not generally a bar to a suit in the state court by the same plaintiff against the same defendant and for the same cause of action, unless the action in the federal court is one that has been removed from the state court. Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Generally speaking, the federal courts and the state courts which have concurrent jurisdiction over civil actions may be considered as courts of separate jurisdictional sovereignties.

''The general rule stated that the pendency of actions in the federal court and the state court at the same time does not entitle the defendant to an abatement of one of the actions applies whether the two courts are sitting in different states, or in the same state.''

See, also, 21 Corpus Juris Secundum, 808, Courts, Section 529.

It is observed that the above quotation from pages 44 and 45 of 1 American Jurisprudence does not accurately state the rule in the absence of additional comment upon exceptions to the general rule thus enunciated as hereinafter indicated.

Merely because a federal court may not enjoin the prosecution of a second action in a state court or because a federal court may not abate an action on the ground of the pendency of a prior action in a state court does not mean that a state court is required to entertain or retain jurisdiction over a subsequent suit regardless of local policy and procedure, and "against an otherwise valid excuse," such as a prior action pending (*Douglas* v. *New York, N. H. & H. Rd. Co.* (1929), 279 U. S., 377, 388, 73 L. Ed., 747, 49 S. Ct., 355, quoted with approval in *Missouri, ex rel. Southern Ry. Co.,* v. *Mayfield, Judge,* 340 U. S., 1, at p. 5), provided there is thereby involved no discrimination against Federal Employers' Liability Act suits or against citizens of other states.

As remarked by the court in *Ex parte Crandall* (1931), 53 F. (2d), 969, 970, "There is nothing in the act which requires the states to maintain courts for taking cognizance of such actions."

And where, without violating any provision of the federal Constitution and without discriminating against federal law, a state statute curtails the jurisdiction of a state court with respect to transitory causes of action not arising within, or not sued upon by a resident of the state, the court is not deprived of its power to decline jurisdiction under such statute merely because the cause of action arises under the Federal Employers' Liability Act. *Douglas* v. *New York, N. H. & H. Rd. Co.* (1929), 279 U. S., 377, and other cases cited in 158 A. L. R., at page 1029.

A state is not, merely because the Federal Employers' Liability Act empowers its courts to entertain suits arising under it, restricted from denying access to its courts to persons seeking a recovery under the act if in similar cases the state, for reasons of local policy, denies resort to its courts, so long as it enforces its policy impartially so as not to involve a discrimination against suits under the federal act. *Missouri, ex rel. Southern Ry. Co.,* v. *Mayfield, Judge* (1950), 340 U. S., 1, 95 L. Ed., 3, 71 S. Ct., 1.

In *O'Donnell* v. *Elgin, J. & E. Ry. Co.* (C. C. A. 7, 1951), 193 F. (2d), 348, certiorari denied, 343 U. S., 956, 96 L. Ed., 1356, 72 S. Ct., 1051, involving an action brought in a federal district court in Illinois under the federal act for a wrongful death occurring in Indiana, the court, in rejecting the defendant's contention that the federal court was without jurisdiction because under the Illinois Injuries Act a state court would have no jurisdiction over the action, pointed out (page 353) that a state court's jurisdiction over actions under the federal act "is permissive in nature, depending upon the law of the state, providing, of course, that such law rests upon a non-discriminatory basis."

In *Herb* v. *Pitcairn et al., Recrs.* (1945), 324 U. S., 117, 89 L. Ed., 789, 65 S. Ct., 459, it appears that plaintiff filed an action under the Federal Employers' Liability Act in a city court in Illinois. While this action was pending, the Supreme Court of Illinois decided in another case that, under the Illinois Constitution, a city court is without jurisdiction in any case where the cause of action arose outside the city where the court is located. Thereupon the plaintiff moved in the city court for a change of venue, under the Illinois venue statute, to a circuit court, a court of general jurisdiction. Meanwhile, the then two-year period within which an action could be instituted under the Federal Employers' Liability Act had long expired. The motion for change of venue was granted, but the circuit court dismissed the action and the Supreme Court of Illinois affirmed, apparently on the theory that no case was pending in the city court which could be transferred by that court, under Illinois law. Upon certiorari, the United States Supreme Court pointed out that the Federal Employers' Liability Act did not attempt to enlarge or regulate the jurisdiction of state courts, and that the Illinois Supreme Court was free so to decide, the decision not involving a discrimination against the cause of action involved because it was a federal one.

See, also, *Price* v. *Atchison, T. & S. F. Ry. Co.*, 42 Cal. (2d), 577, 268 P. (2d), 457, 43 A. L. R. (2d), 756, and annotation page 774.

By the express terms of Section 6 of the Federal Employers' Liability Act (Title 45, Section 56, U. S. Code) it is provided that "the jurisdiction of the courts of the United States under

this chapter shall be concurrent with that of the courts of the several states." Such statute settles beyond doubt the power of a state court to entertain an action under the act. But it also seems to be well settled that the provisions of Section 6 of the act are not intended to, and do not impose a duty upon a state court to exercise jurisdiction of a cause of action arising thereunder merely because the court has properly acquired jurisdiction of the person of the defendant. 158 A. L. R., 1023, and cases therein cited.

In one of the Second Employers' Liability Cases, *Mondou* v. *New York, N. H. & H. Rd. Co.* (1912), 223 U. S., 1, 56 L. Ed., 327, 32 S. Ct., 169, after stating that "rights arising under the act in question may be enforced, as of right, in the courts of the state, when their jurisdiction, as prescribed by local laws, is adequate to the occasion," nevertheless, the court emphasized (page 56):

"That there is not here involved any attempt by Congress to enlarge or regulate the jurisdiction of state courts or to control or affect their modes of procedure, but only a question of the duty of such a court, when its ordinary jurisdiction as prescribed by local laws is appropriate to the occasion and is invoked in conformity with those laws, to take cognizance of an action to enforce a right of civil recovery arising under the act of Congress and susceptible of adjudication according to the prevailing rules of procedure."

The court remarked further (page 57):

"We say 'when its ordinary jurisdiction as prescribed by local laws is appropriate to the occasion,' because we are advised by the decisions of the Supreme Court of Errors that the Superior Courts of the state are courts of general jurisdiction, are empowered to take cognizance of actions to recover for personal injuries and for death, and are accustomed to exercise that jurisdiction, not only in cases where the right of action arose under the laws of that state, but also in cases where it arose in another state, under its laws, and in circumstances in which the laws of Connecticut give no right of recovery, as where the causal negligence was that of a fellow-servant."

It thus becomes apparent that the Supreme Court also held that the act was not intended to interfere with the power, under valid local laws, of a state court to decline jurisdiction of an action under the act.

In *Douglas* v. *New York, N. H. & H. Rd. Co.*, 279 U. S., 377, a majority of the court concurring in an opinion written by Holmes, J., stated, at page 387:

"As to the grant of jurisdiction in the Employers' Liability Act, that statute does not purport to require state courts to entertain suits arising under it, but only to empower them to do so, so far as the authority of the United States is concerned. It may very well be that if the Supreme Court of New York were given no discretion, being otherwise competent, it would be subject to a duty. But there is nothing in the Act of Congress that purports to force a duty upon such courts as against *an otherwise valid excuse.* Second Employers' Liability Cases (*Mondou* v. *New York, N. H. & H. Rd. Co.*) (1912), 223 U. S., 1, 56, 57." (Italics supplied.)

In *McKnett* v. *St. Louis & S. F. Ry. Co.* (1934), 292 U. S., 230, 78 L. Ed., 1227, 54 S. Ct., 690 (rehearing denied in [1934] 292 U. S., 613, 78 L. Ed., 1472, 54 S. Ct., 855), the court, while holding that the federal Constitution prohibits state courts of general jurisdiction from refusing to exercise jurisdiction solely because the suit is brought under a federal law, nevertheless emphasized that Congress has not attempted to compel states to provide courts for the enforcement of the Federal Employers' Liability Act.

In *Murnan* v. *Wabash Ry. Co.* (1927), 246 N. Y., 244, 158 N. E., 508, 54 A. L. R., 1522 (reversing [1927] 220 App. Div., 218, 221 N. Y. Supp., 332), the court states, at page 248:

"We conclude that a litigant who brings his action under the Federal Employers' Liability Act stands before the court in no different attitude than a litigant who brings his action under the statute of a sister state. He may not be cast out because he is suing under the act of Congress. He may not enforce his rights merely because he is suing under the act."

The principle that local law or policy will apply is recognized in Ohio decisions. Thus in *Baltimore & Ohio Rd. Co.* v. *Chambers* (1905), 73 Ohio St., 16 (not a Federal Employers' Liability Act case), the Ohio Supreme Court held that no action can be maintained in the courts of Ohio upon a cause of action for wrongful death occurring in another state, except where the person wrongfully killed was a citizen of Ohio. In *Chambers* v. *Baltimore & Ohio Rd. Co.* (1907), 207 U. S., 142, 52 L. Ed., 143, 28 S. Ct., 34, the Supreme Court affirmed the Ohio Supreme

Court and held that the state's own policy may determine the jurisdiction of the courts and the character of the controversies which shall be heard thereon.

In *Loftus* v. *Pennsylvania Rd. Co.* (1923), 107 Ohio St., 352 (writ of error dismissed, 266 U. S., 639), it was held that the courts of Ohio were not bound to entertain causes arising under the Federal Employers' Liability Act unless within the terms of the Ohio statute dealing with the venue of actions against railroad corporations.

In *Baltimore & Ohio Rd. Co.* v. *Kepner* (1940), 137 Ohio St., 409 (affirmed, 313 U. S., 542, 314 U. S., 44), the Ohio Supreme Court held:

"The state courts of this state cannot, in the exercise of their equity powers, enjoin a resident of the state from prosecuting a cause of action, arising under the Federal Employers' Liability Act, in a federal court of another state having jurisdiction of such action, even though such cause of action arose and may be prosecuted in this state, and even though its prosecution in the federal court of another state may cause great inconvenience and expense to the defendant."

In the course of its opinion the court remarked, at page 416:

"Congress may give permissive jurisdiction to the state courts to hear and decide cases arising under a federal act, but cannot compel a state court to accept such jurisdiction. That a state has the power to limit the exercise of such jurisdiction by its courts is demonstrated by the legislative enactment and judicial interpretation of Section 11273, General Code, which excludes from the jurisdiction of the state courts of Ohio all causes, including causes of action arising under the Federal Employers' Liability Act against railroad companies for injuries occurring without the state of Ohio, unless the claimant is a resident of this state or unless the injury complained of resulted from the joint negligence of such railroad company and another defendant properly joined as defendants in an action properly brought against the latter defendant in a county of this state in which venue is authorized by such statute. *Loftus* v. *Pennsylvania Rd. Co.*, 107 Ohio St., 352, 140 N. E., 94; *Baltimore & Ohio Rd. Co.* v. *Baillie*, 112 Ohio St., 567, 148 N. E., 233; *Reeves* v. *Louisville & Nashville Rd. Co.*, 124 Ohio St., 657, 181 N. E., 885 (appeal dismissed by United States Supreme

Court for want of a substantial federal question, *Reeves* v. *Louisville & Nashville Rd. Co.*, 285 U. S., 524, 76 L. Ed., 922, 52 S. Ct., 314). By the same token, Congress cannot give a resident of Ohio an absolute right to prosecute in a state court of New York a cause of action arising in Ohio under a federal act; *nor can the state court of New York be required to accept jurisdiction of a suit to enforce such cause of action. Robertson* v. *Baldwin*, 165 U. S., 275, 41 L. Ed., 715, 17 S. Ct., 326; *Douglas* v. *New York, New Haven & Hartford Rd. Co.*, 279 U. S., 377, 387, 73 L. Ed., 747, 49 S. Ct., 355; *Chambers* v. *Baltimore & Ohio Rd. Co.*, 207 U. S., 142, 52 L. Ed., 143, 28 S. Ct., 134; *Ex parte Crandall*, 52 F. (2d), 650, 654; *Walton* v. *Pryor*, 276 Ill., 563, 115 N. E., 2, L. R. A. 1918E, 1914.'' (Italics supplied.)

The principles there enunciated in the above quotations were not carried into the syllabus of the case.

In the *Kline* and *Kepner cases, supra*, and in *Miles* v. *Illinois Central Rd. Co.*, 315 U. S., 698, 86 L. Ed., 1129, 62 S. Ct., 827, the Supreme Court held that the prosecution of a second action *in personam* in another court could not be enjoined by the court first acquiring jurisdiction. However, it did not hold that the second court could not refuse to entertain or retain such second action. On the contrary, the Supreme Court, in *Missouri, ex rel. Southern Ry. Co.*, v. *Mayfield, Judge*, 340 U. S., 1, 95 L. Ed., 3, 71 S. Ct., 1, states:

''(a) Neither *Baltimore & O. R. Co.* v. *Kepner*, 314 U. S., 44, nor *Miles* v. *Illinois Central R. Co.*, 315 U. S., 698, limited the power of a state to deny access to its courts to persons seeking recovery under the Federal Employers' Liability Act if in similar cases the state for reasons of local policy denies resort to its courts and enforces its policy impartially, so as not to involve a discrimination against Employers' Liability Act suits nor against citizens of other states. P. 4.

''(b) Nor is any such restriction imposed upon the states merely because the Employers' Liability Act empowers their courts to entertain suits arising under it. P. 4.

''(c) Even prior to Section 1404(a) of the 1948 revision of the Judicial Code (28 U. S. C.), there was nothing in the Federal Employers' Liability Act which purported 'to force a duty' upon the state courts to entertain or retain Federal Em-

ployers' Liability litigation 'against an otherwise valid excuse.' P. 4-5.''

The *Mayfield case* holds that a state court may properly decline jurisdiction of a Federal Employers' Liability Act case upon the doctrine of *forum non conveniens*—a judicial determination, not a statutory enactment.

In the light of the foregoing authorities it is observed that a state court is empowered but not compelled to entertain or retain jurisdiction of an action brought under the Federal Employers' Liability Act; that a state court is not compelled to entertain or retain such a suit regardless of local policy and procedure and ''against an otherwise valid excuse'' provided there is thereby no discrimination or otherwise impairment of rights under the privileges and immunity clause of the Constitution.

The question then arises as to whether the refusal of an Ohio Common Pleas Court to retain jurisdiction of a Federal Employers' Liability Act suit on the ground that another identical action is pending in the federal court is an otherwise valid excuse for such state court to refuse to retain jurisdiction.

In Ohio at common law as well as under the Code, there has long been prevalent a principle that an action may be dismissed on the ground that a prior action is pending between the same parties and upon the same issues. This principle was applied at common law as well as under the Ohio Code of Civil Procedure. In *Merrill* v. *Lake* (1847), 16 Ohio, 374, 406-407, the Supreme Court dismissed an action on the ground that another action was pending in the Common Pleas Court. In the course of the opinion that court stated on page 407:

''The only ground upon which this bill can be placed is that of convenience, to save costs, to prevent a sacrifice of corporate property, and a loss to creditors. Neither one, nor all of these grounds, are sufficient to authorize this court to entertain a multifarious bill, and interfere with the jurisdiction of a court of equal and concurrent jurisdiction.''

See, also, *Pugh* v. *Brown*, 19 Ohio, 202, decided prior to the adoption of the Code of Civil Procedure.

After the adoption of the Code of Civil Procedure, in *Weil* v. *Guerin* (1884), 42 Ohio St., 299, the Ohio Supreme Court also applied the principle of another action pending and said:

''Okey, J. 1. In Ohio, as well as in England and a majority

of the states, pleas in abatement are no longer in use; but the principle, that the pendency of a former suit, legal or equitable, between the same parties for the same cause, is matter of defense to a second suit in a court of the same state, has its foundation in justice, and is firmly established. Rev. Stats. §§5062, 5064, 5069, 5071; *Gardner* v. *Clark*, 21 N. Y., 399; *Erb* v. *Perkins*, 32 Ark., 429; *Bond* v. *Wagner*, 28 Ind., 462; *Woody* v. *Jordan*, 69 N. C., 189; Pomeroy's Rem. §§698, 711. In *Insurance Co.* v. *Brune*, 96 U. S., 588, and *Spence* v. *Insurance Co.*, 40 Ohio St., 517, the rule is recognized and the exceptions thereto are stated. Whether in the latter case an exception to the rule was properly applied, is a question upon which we express no opinion.

''2. The answer in this case, alleging that at the time suit was brought another action was pending, as therein stated, for the same cause of action, was, according to approved precedents, in due form. Swan's Code Pl. & Pr. 510; 2 Bates' Pl. 905; 2 Este's Pl. & Pr. (2ed.) 432.''

The principle has been recognized by the General Assembly in the adoption of the provision that ''there is another action pending between the same parties for the same cause'' as a ground for demurrer. Section 5061, Revised Statutes, now Section 2309.08(D), Revised Code.

It is noted that Section 2309.08(D) does not in terms limit its application to another action pending within the state. In *Weil* v. *Guerin, supra* (42 Ohio St., 299), the court does refer to a second suit in a court of the same state. This should not be construed as necessarily excluding from the general principle an action in another state or a federal court, since in the *Weil case* the court was dealing with another action pending in an Ohio Common Pleas Court. In 1 Ohio Jurisprudence (2d), it is stated on page 29, that the pendency of a suit in another state does not abate another action subsequently brought in an Ohio court, but the authorities cited do not support the text. It is also stated in 1 Ohio Jurisprudence (2d), 30, Section 16:

''It seems now well settled that the pendency of an action in personam in a state court is not ground for abatement of a subsequent action for the same cause in a federal court, regardless of whether that federal court sits in Ohio or in another state, and conversely that the pendency of an action in per-

sonam in the federal court cannot be pleaded in abatement of an action subsequently commenced in the state court between the same parties and for the same cause of action."

But the authority cited is taken from 1 American Jurisprudence, 44, hereinabove referred to and *Dennison Brick & Tile Co.* v. *Chicago Trust Co.*, 286 F., 818, a decision of the Sixth Circuit in a case involving the *res* doctrine, and *Kline* v. *Burke Construction Co.*, 260 U. S., 226, hereinbefore distinguished.

In *State, ex rel. Haavind, Recr.,* v. *Crabbe, Atty. Genl.* (1926), 114 Ohio St., 504, the court holds:

"1. The standing in Ohio courts of a receiver appointed by a court in a foreign country depends upon comity only. As a matter of strict right, the courts of this state are not bound to recognize a receiver appointed in a foreign country.

"2. While upon considerations of judicial comity the courts of this state may recognize a receiver appointed in another country, judicial comity does not require Ohio courts to recognize an alien receiver applying under Section 641, General Code, for distribution of a fund which is held in this state for the benefit and security of the policyholders of an alien insurance corporation doing business within this state, no policyholder nor creditor having applied to the Attorney General, under Section 641, General Code, to bring an action for distribution."

There is a fundamental practical basis for the rule that a second court may refuse to entertain or retain a cause on the ground of another action pending. The policy or doctrine is essential to the proper and orderly administration of the law, and while its observance might be required on the grounds of judicial comity and courtesy, it does not rest upon such considerations exclusively, but is enforced to prevent unseemly, expensive, and dangerous conflicts of jurisdiction and of process. If interference may come from one side, it may from the other also, and what is begun may be reciprocated indefinitely. An essential condition of the application of the rule as to priority of jurisdiction is that the first suit shall afford the plaintiff in the second an adequate and complete opportunity for the adjudication of his rights, for the rule that the court first acquiring jurisdiction retains it to the end must yield to the

higher principle which accords to every citizen the right to have a hearing before a court of competent authority. 14 American Jurisprudence, 436, Courts, Section 243. This principle is particularly applicable to the situation presented in the instant case wherein the United States court is compelled to entertain jurisdiction and grant complete relief, whereas the state court is merely empowered to entertain jurisdiction. *Barber Asphalt Pav. Co.* v. *Morris, Judge* (1904), 132 F., 945.

There is no sound legal basis for making an exception to the general rule that an action can be dismissed on the ground that another action is pending by limiting the principle to courts of the same state, and so far as the writer is aware there is no decision of the Ohio Supreme Court making such exception and holding that the principle does not apply when the prior suit may be pending in another state court or the federal court. Indeed, the late Judge Hart in the *Kepner case* says that an Ohio citizen may be enjoined from prosecuting a subsequent action in another state court. By analogy, why should an Ohio court be required to retain jurisdiction of a suit previously brought in a foreign jurisdiction.

There is another phase of the question herein presented which deserves attention. The plaintiff in the instant case having the unquestioned right to bring his action in either the federal or state court elected to choose his forum, the Eastern Division of the United States District Court of the Northern District of Ohio. Since his first action was filed long before his second suit was filed in the Common Pleas Court, in the ordinary course of events he would be accorded a trial and judgment at an earlier date in the federal court than in the state court. As a matter of fact, his case had proceeded to trial in the federal court in March 1961, eight months prior to the institution of the second action in the state court in November 1961.

As between courts having concurrent jurisdiction, the court first acquiring jurisdiction acquires the right to adjudicate upon the whole issue and settle the rights of the parties to the exclusion of all other tribunals. And apart from actions involving custody of specific property, the court whose jurisdiction is first invoked by the commencement of proper proceedings and the service of process acquires jurisdiction to the exclusion

of a court of concurrent or co-ordinate jurisdiction. 14 Ohio Jurisprudence (2d), 568, 569, Courts, Section 153. In its *per curiam* opinion in *Miller* v. *Court of Common Pleas of Cuyahoga County*, 143 Ohio St., 68, the Supreme Court states that it is a fundamental rule that, as between courts of concurrent and coextensive jurisdiction, the one whose power is first invoked by the institution of proper proceedings and the service of the required process acquires the right to adjudicate upon the whole issue and to settle the rights of the parties to the exclusion of all other tribunals, citing 14 Ohio Jurisprudence, 410, and 11 Ohio Jurisprudence, 726, upon authority of *Ex parte Bushnell*, 8 Ohio St., 599, and other authorities.

In *Sparrow* v. *Nerzig* (1955), 228 S. C., 277, 89 S. E. (2d), 718, 56 A. L. R. (2d), 328, the Supreme Court of South Carolina, remanded a cause to the Common Pleas Court of that state with instructions to stay proceedings against a defendant until determination of an action by the United States District Court which had been filed after the institution of the action in the state court, and held that, although the state court was under no compulsion to defer to the federal jurisdiction, it should do so in the spirit of reciprocal comity and mutual assistance. See annotation upon stay of civil proceedings pending the determination of action in Federal court of same state, 56 A. L. R. (2d), 329.

The Huron County Common Pleas Court out of deference to the court of concurrent jurisdiction in which the action was first brought and pursuant to the principle of comity between courts of concurrent jurisdiction has the authority to stay proceedings in the Common Pleas Court pending final determination of the cause in the federal court. Procedendo would not lie to compel the Common Pleas Court to try the second suit. By the same token since the Common Pleas Court is not compelled to try the second suit, pending its final determination in the federal court it is justified in dismissing the second suit on the ground that it is pending in the federal court. Assuredly, the plaintiff has been deprived of no right under the privileges and immunity clause of the Constitution by the dismissal of his action in the instant case. *Chambers* v. *Baltimore & Ohio Rd. Co.*, 207 U. S., 142, cited in *Baltimore & Ohio Rd. Co.* v. *Kepner*, 137 Ohio St., 409.

The judgment of the Common Pleas Court is affirmed.

*Judgment affirmed and cause remanded for execution for costs.*

DEEDS, J., concurs in the judgment of affirmance.
SMITH, J., dissents.

DEEDS, J., concurring. The record in the case before us discloses that the federal District Court had first acquired jurisdiction and had exercised its jurisdiction by assigning the cause for trial, also by refusing to dismiss the action on the motion of the appellant, the federal court had decided that it should retain jurisdiction for a determination of the cause.

It is my view therefore that under the circumstances as presented, the Common Pleas Court was not compelled to retain and determine the cause when it was clear the federal District Court had authority to find that it should retain and finally decide the cause.

The Common Pleas Court dismissed the action after it was shown that the Federal District Court had first acquired jurisdiction and had also determined that it should retain and decide the cause.

As stated above, it is clear that the Federal District Court had authority under the federal act to retain jurisdiction for a final determination of the cause.

It is my opinion that the provision of the Federal Employers' Liability Act relative to concurrent jurisdiction did not require the state court to retain and exercise jurisdiction in opposition to the decision of the Federal District Court that it would retain and determine the cause.

It is not my view that our state courts are authorized to dismiss actions in all Federal Employers' Liability Act cases where federal courts have first acquired jurisdiction. Nevertheless, it is my opinion that the Common Pleas Court was justified in dismissing the action under the peculiar circumstances presented in the case before us.

I therefore concur in affirming the judgment of the Common Pleas Court.

SMITH, J., dissenting. This appeal on questions of law is from an order of the Common Pleas Court of Huron County, Ohio, dismissing the action.

The petition plaintiff filed in the Common Pleas Court on November 15, 1961, alleges a cause of action for personal injuries against the defendant railroad for its alleged negligence and upon the authority of and under the provisions of the Federal Employers' Liability Act, Title 45, Section 56, U. S. Code. Plaintiff lives in Willard, Huron County, Ohio, the place where the injuries were sustained and through which defendant's railroad line operated. Answer to the petition was filed on December 29, 1961, in which it is averred in paragraph 8 thereof as follows:

"8. It further avers that this court should not take jurisdiction of and plaintiff should not be permitted to maintain this action for the reason that at the time of the commencement hereof there was pending an identical action to this between the same parties, for the same cause of action and seeking the same relief, in the United States District Court for the Northern District of Ohio, Western Division, titled "Oakley Barnett, Plaintiff, vs. Baltimore & Ohio Railroad Company," being cause No. 8406 Civil; that plaintiff initially instituted said action against the defendant on August 28, 1959, in the United States District Court for the Northern District of Ohio, Eastern Division, from which it was transferred on March 15, 1960, to the Western Division; that said action proceeded to trial on March 13, 1961, and a jury was duly impaneled, after which, at the election of the plaintiff, the jury was discharged and the cause continued for trial; that on November 8, 1961, plaintiff filed an amended complaint in said action which is identical in all respects to the petition herein; and that said action is still pending in said United States District Court."

A reply was not filed to the answer. Thereafter, and not until May 23, 1963, defendant railroad filed a motion for an order dismissing the petition for the reason that the pleadings on file clearly show that an identical action between the same parties, plaintiff and defendant, was filed prior to this action and is pending in the United States District Court, Toledo, Ohio. The motion is supported by affidavit of counsel for the railroad and the case in the federal court is identically titled, being

cause No. 8406 on the civil docket of that court. The affidavit further discloses that the federal court, upon motion of plaintiff, refused to dismiss the case in that court. It appears also that a trial date has not been assigned for hearing of the case in the federal court. Plaintiff-appellant and defendant-appellee will hereinafter be referred to as plaintiff and railroad.

Upon the pleadings, the motion to dismiss, and affidavit in support thereof, we are presented with the single question for decision, to wit: Can an Ohio Court of Common Pleas dismiss the action of plaintiff filed under the provisions of the Federal Employers' Liability Act solely upon the ground that an identical case is pending in the Federal District Court between the same parties?

The provision of the Federal Employers' Liability Act pertinent hereto, Title 45, Section 56, U. S. Code, reads in part as follows:

"Under this chapter an action may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action. The jurisdiction of the courts of the United States under this chapter shall be concurrent with that of the courts of the several states."

Where a like action is filed in the federal court and the state court, abatement of one or the other of the actions is not permitted as stated in 1 Corpus Juris Secundum, 101 and 102, as follows:

"As a general rule, the pendency in a federal court of a personal or transitory action, although between the same parties and for the same cause of action or relief, is not ground for abating a subsequent action in a state court, and, conversely, the pendency of such an action in a state court cannot be pleaded in abatement of a subsequent similar action in a federal court; for the reason that each court derives its authority from a separate and distinct sovereignty."

The general rule where both the state and federal courts are within the same territorial jurisdiction is stated in 1 Corpus Juris Secundum, 103, as follows:

"Even though both courts have the same territorial jurisdiction, that is they both sit in the same state, and the state

348

court is within the district covered by the jurisdiction of the federal court, by the weight of authority, they belong to foreign jurisdictions in that each derives its authority from a different sovereignty, and the pendency of a prior action, between the same parties for the same cause of action, in either the state or federal court cannot be pleaded in abatement of a subsequent action in the other; and this rule is not affected by the provisions of the Federal Employers' Liability Act, giving the federal and state courts concurrent jurisdiction of actions under that statute.''

See, also, 21 Corpus Juris Secundum, 816; 1 American Jurisprudence (2d), 58, Section 18.

Also in 1 American Jurisprudence, 41, it is said:

''Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. * * * A like rule applies * * * where one is in a federal district court and the other in a state court.''

Although the case of *Kline* v. *Burke Construction Co.* (1922), 260 U. S., 226, did not involve the Federal Employers' Liability Act, the question of concurrent jurisdiction is resolved by Justice Sutherland in the opinion of the court, as follows:

''But a controversy is not a thing, and a controversy over a mere question of personal liability does not involve the possession or control of a thing, and an action brought to enforce such a liability does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending. Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of *res adjudicata* by the court in which the action is still pending in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case. The rule, therefore, has become generally established that where the action first brought is *in personam* and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded. *Stanton* v. *Embrey*, 93 U. S., 548; *Gordon* v. *Gilfoil*, 99 U. S., 168, 178; *Hunt* v. *New York Cotton Exchange*, 205 U. S., 322, 339; *Insurance Company*

v. *Brune's Assignee*, 96 U. S., 588, 592; *Merritt* v. *American Steel-Barge Co.*, 79 Fed., 228; *Ball* v. *Tompkins*, 41 Fed., 486; *Holmes County* v. *Burton Construction Co.*, 272 Fed., 565, 567; *Standley* v. *Roberts*, 59 Fed., 836, 844-5; *Green* v. *Underwood*, 86 Fed., 427, 429; *Ogden City* v. *Weaver*, 108 Fed., 564, 568; *Zimmerman* v. *So. Relle*, 80 Fed., 417, 419-420; *Baltimore & Ohio R. R. Co.* v. *Wabash R. R. Co.*, 119 Fed., 678, 680; *Guardian Trust Co.* v. *Kansas City Southern Ry. Co.*, 146 Fed., 337, 340; *Guardian Trust Co.* v. *Kansas City Southern Ry. Co.*, 171 Fed., 43; *Woren* v. *Witherbee, Sherman & Co.*, 240 Fed., 1013; *Stewart Land Co.* v. *Arthur*, 267 Fed., 184.''

See, also, *Fradella* v. *United Marine Contracting Corp.*, 36 F. (2d), 510.

In *Dennison Brick & Tile Co.* v. *Chicago Trust Co.* (1923), 286 F., 818, the question of conflict of jurisdiction between state and federal courts was presented wherein a suit was filed in the state of Ohio and thereafter a suit was filed in the Federal District Court for the Northern District of Ohio. While this case involved an action on a real estate mortgage and other liens thereon, Circuit Judge Knappen recognized the general rule, and on page 819 stated:

''In *Kline* v. *Burke Construction Co.*, 43 Supp. Ct., 79, 67 L. Ed., , lately decided by the Supreme Court (and since the instant case was brought into this court), the distinction between actions *in personam* and actions *in rem*, as regards the effect of prior assertion of jurisdiction by state or federal courts is plainly pointed out, viz. that the pendency in a federal court of an action *in personam* is not ground for abating a subsequent action in a state court, or vice versa—each court being at liberty to proceed to final judgment, such judgment first rendered being binding upon both parties; but where the action is one *in rem*, that court, whether state or federal, which first acquires jurisdiction over the *res* has exclusive authority to control and dispose of it.''

Shortly after the passage by Congress of the Federal Employers' Liability Act, the Supreme Court was confronted with its construction in *Second Employers' Liability Cases* (1912). 223 U. S., 1, Justice Van Devanter delivering the opinion of the court. Therein it was held that the regulations in the act superseded the laws of the several states insofar as the latter cover

the same field; that rights arising under the regulations prescribed by the act may be enforced as of right in the courts of the states when their jurisdiction, as fixed by local law, is adequate to the occasion; that a state court cannot refuse to enforce the remedy given by an act of Congress in regard to a subject within the domain of Congress on the ground of inconvenience or confusion; that the system of jurisprudence of the state and under the United States together form one system which constitutes the law of the land for the state; that when Congress adopts the act, it speaks for all the people and all the states and thereby establishes a policy for all, and the courts of a state cannot refuse to enforce the act on the ground that it is not in harmony with the policy of the state.

On page 56 of the opinion it is said:

"This is emphasized by the amendment engrafted upon the original act in 1910, to the effect that 'The jurisdiction of the courts of the United States under this Act shall be *concurrent with that of the courts of the several states,* and no case arising under this Act and brought in any state court of competent jurisdiction shall be removed to any court of the United States.' The amendment, as appears by its language, instead of granting jurisdiction to the state courts, presupposes that they already possessed it. * * *

"* * * that there is not here involved any attempt by Congress to enlarge or regulate the jurisdiction of state courts or to control or affect their modes of procedure, but only a question of the duty of such a court, when its ordinary jurisdiction as prescribed by local laws is appropriate to the occasion and is invoked in conformity with those laws, to take cognizance of an action to enforce a right of civil recovery arising under the Act of Congress and susceptible of adjudication according to the prevailing rules of procedure."

Many cases involving the act have been adjudicated in the Common Pleas Courts of Ohio. In the case at bar all the local state requirements of jurisdiction are present. The plaintiff lives in Huron County, Ohio, where the injury occurred, giving rise to a cause of action pertaining to the operation of the railroad in that county. Both parties are in court and have a right to trial. Here arises, then, the contention of the railroad, and accepted by the Common Pleas Court, that the case should be

dismissed solely on the ground that an identical action is pending between the same parties in a federal district court situated in Lucas County, Ohio.

It is said in *Butts* v. *Southern Pac. Co.* (1947), 69 F. Supp., 895:

"*Baltimore & Ohio Railroad Co.* v. *Kepner*, 1941, 314 U. S., 44, 62 S. Ct., 6, 86 L. Ed., 28, 136 A. L. R., 1222, and *Miles* v. *Illinois Central R. Co.*, 1942, 315 U. S., 698, 62 S. Ct., 827, 86 L. Ed., 1129, 146 A. L. R., 1104, regardless of their precise, holdings, say enough to preclude a district judge, once the statutory criteria of venue are satisfied, from dismissing an action under the Federal Employers' Liability Act on the ground that, the action constitutes an unlawful burden upon interstate commerce or on the ground of *forum non conveniens.*"

Can the refusal by the state court in the case at bar to exercise the jurisdiction and duty of adjudicating the case under the terms of the act be sanctioned "as against an otherwise valid excuse" as stated by Holmes, J., vaguely in *Douglas* v. *New Haven & Hartford Rd. Co.*, 279 U. S., 377.

That case involved a venue statute of the state of New York (clearly distinguishable from the case at bar), wherein the Supreme Court construed the statute of New York as giving the court of New York discretion to "entertain" the case when the act of Congress "does not purport to require state courts to entertain suits arising under it, but only to empower them to do so, so far as the authority of the United States is concerned."

The opinion cites *Second Employers' Liability cases, supra,* in support of such language and it is apparent therefore that the holding was based upon the declaration in such case as above referred to that the rights arising under the act of Congress may be enforced as of right in the courts of the states when their jurisdiction as prescribed by local laws is adequate to the occasion. In *Missouri, ex rel. Southern Rd. Co.,* v. *Mayfield, Judge,* 340 U. S., 1 (a divided court), the *Douglas case* was cited by Frankfurter, J., with reference to an issue involved therein as to the doctrine of *forum non conveniens.* Both of the decisions involving a statute of the state on venue and said doctrine of *forum non conveniens* are wholly remote from any issue in the case at bar as well as the privileges and immunity clause of the federal Constitution.

In *Loftus* v. *Penna. Rd. Co.*, 107 Ohio St., 352, dismissed in 266 U. S., 639, the *Douglas case* was not mentioned but it was held that the act is subject to a venue statute of the state of Ohio. Pertinent to the facts in the case at bar it was said in that case on pages 356 and 357 as follows:

"Jurisdiction must not be confounded with venue. Jurisdiction is the right to hear and determine a cause, but the term is used in the sense of power rather than in the sense of selection. There is no doubt that Courts of Common Pleas in Ohio have the right to hear cases of injuries to person and property and of wrongful death by railroad companies, but it does not follow that Ohio courts must, and at all events, hear all cases which may be tendered. In some of the former decisions of this court the language concerning the word "jurisdiction" has not been carefully selected, thereby leading to some misapprehension. Jurisdiction may exist to hear and determine causes of a certain class, and yet that jurisdiction may not be permitted to attach to certain cases by reason of limitations of venue."

The second paragraph of the syllabus, the law of the case, holds that it is the duty of the courts of this state to entertain causes arising under the Federal Employers' Liability Act subject to the limitations contained in the Ohio statute pertaining to venue.

We have found no cases in Ohio or the courts of the United States which hold that a state can relinquish its duty to adjudicate an action under authority of Federal Employers' Liability Act, where, as in the case at bar, coequal and concurrent jurisdictional facts exist. In the early Ohio Circuit Court case of *Barr* v. *Chapman*, 5 C. C., 69, 3 C. D., 36, where like suits were pending in the Ohio court and a federal court, it was held that after the parties are served with process in the Ohio suit prior to the commencement of the filing of a suit in the federal court, the Ohio court had the power to proceed to hear and adjudicate the case notwithstanding the continuing pendency of the case in the federal court. On page 75 of the opinion it is said:

"We are of the opinion then, that these two cases are standing in different courts—each having the right and authority to hear and determine the same—and the fact that one of the courts first obtained service on all of the necessary parties,

does not of itself oust the other court of its jurisdiction, when all the parties are subsequently before that court. Of course, this may work a hardship to suitors, who will thus be put to the trouble and expense of litigating what are practically the same questions in two or more different tribunals at the same time. And cases may be imagined where great difficulty and conflict might arise, as where wholly different judgments are rendered by the different courts on the same day. But practically this is not at all likely to occur; and courts are so constituted that such conflicts may and will be in some way prevented or corrected.

"But if it be true, as seems to be the case, that the final decision of the court first adjudicating the matter, is the one which is valid and binding on the parties, such judgment might be pleaded in bar of the other case, so far as it operates as an adjudication of the questions therein decided."

The case of *Johnson* v. *New York O. & W. Ry. Co.* (1931), 3 F. Supp., 80, is directly applicable to the case at bar on fact and law involving the liability act wherein it is held that an action for personal injuries is transitory, and a prior suit in a state or federal court in the same state furnishes no ground for plea of abatement to a second suit; and the fact that a prior suit in personam has been instituted in the state or federal court furnishes no ground for staying prosecution of action in either court; that the defendant could not, *under state court rules*, dismiss an action under Federal Employers' Liability Act on the ground that another action was pending between the same parties for the same cause, since, under statutes, practice and procedure of federal courts, pendency of such action is not ground for dismissal, and that under the act, plaintiff is not prevented from bringing more than one action thereunder for the same cause in different courts. Cited and followed in *Maryland Cas. Co.* v. *Glassell-Taylor & Robinson*, 68 F. Supp., 897, 899, *Metro Corrugated Containers, Inc.,* v. *Owens-Illinois Glass Co.*, 185 F. Supp., 359, 361.

The Supreme Court of Utah in *Peterson* v. *Ogden Union Ry. & Depot Co.* (1946), 110 Utah, 573, 175 P. (2d), 744, by a cogent decision in the opinion of Wolfe, J., said at page 576:

"Ordinarily venue statutes are for the convenience of the parties. They are to restrict the suit to those courts which

because of their geographic location are readily accessible to the parties with the minimum expense and the minimum expenditure of time on the part of the parties and their witnesses. However, even ordinary venue statutes have an important effect on the outcome of cases. Theoretically the same evidence presented in the same way in each of several courts, state or federal, should result in like verdicts. And if the verdict were for the plaintiff, the damages should theoretically be substantially the same amount. But, as a practical matter, the number of jurors required, the rules of procedure, the manner of selecting jurors, the geographic location of the court and other circumstances materially influence the trial of cases.

"It is reasonable to assume that a legislature when it enacts a venue statute ordinarily does not consider all the details —number and selection of jurors, etc.—of the advantages or disadvantages a particular court may offer plaintiffs or defendants. The legislature probably usually considers only the convenience of the parties and the time and expense phases of the problem.

"However it is apparent that Congress, when enacting the venue provision here involved, must have intended it to cover more than the convenience and time and expense of the parties. Among other things it expressly provided that

" 'No case arising under this chapter and brought in any state court of competent jurisdiction shall be removed to any court of the United States.'

"That clause was not prompted by mere considerations of convenience or time or expense of litigation. There is no material difference as far as expense of litigation, time required for suit or convenience of parties and witnesses between a suit in a federal court and the same suit in a state court. Congress in prohibiting removal to federal courts of cases started in state courts must have considered at least some of the practical advantages that accrue to plaintiffs in state courts because they are state courts and not merely because of their geographical location, and, desiring to secure those practical benefits to the employees, prohibited removal to a federal court.

"This conclusion is supported by the opinion in *Miles* v. *Illinois Central Railroad Co.*, 315 U. S., 698, 62 S. Ct., 827, 830, 86 L. Ed., 1129, 146 A. L. R., 1104, where the Supreme Court of the United States said:

" 'In the legislative history of section 6, the provision that removal may not be had from a "state court of competent jurisdiction" was added to the House bill on the floor of the Senate and later accepted by the House, in order to assure a hearing to the employee in a state court. Words were simultaneously adopted recognizing the jurisdiction of the state courts by providing that the federal jurisdiction should be concurrent.'

"Section 6 makes available to the plaintiff several courts in which he may bring the action. Clearly that section gives the employee substantial benefits. It was not only for his convenience and to enable him to choose a court where the expense of litigation would not be prohibitive, but it was to give him the right to select the court in which he considers it would be most advantageous for him to bring his action.

" '* * *

" '* * * The beneficial effects of the statute should not be whittled away by the courts by distinguishing between adjective and substantive rights and adjective and substantive duties or liabilities.' "

The provisions of the Federal Employers' Liability Act, Title 45, Section 56, U. S. Code, as quoted above, originally contained an additional clause reading:

"And no case arising under this chapter and brought in any state court of competent jurisdiction shall be removed to any court of the United States."

This clause was deleted by amendment and by act of June 25, 1948, being Section 1445 (a) Title 28, the matter of removal provides as follows:

"A civil action in any state court against a railroad or its receivers or trustees, arising under section 51-60 of Title 45, may not be removed to any district court of the United States."

The Supreme Court considered the prohibition of such removal in *Baltimore & Ohio Rd. Co.* v. *Kepner*, 314 U. S., 44, affirming 137 Ohio St., 409; and in *Miles* v. *Illinois Central Rd. Co.*, 315 U. S., 698. By these decisions it is established that a state court cannot enjoin on the ground of inconvenience or expense to a railroad a citizen of the state from prosecuting an action under the act in a state court of another state having jurisdiction under the act, and that a state court may not validly exercise its equitable jurisdiction to enjoin a resident

of the state from prosecuting a cause of action arising under the act in a federal court of another state where the act gave venue on the ground that the prosecution in that district is inequitable, vexatious and harrassing to the carrier.

The law of the two cases obtains, notwithstanding the prolix, erudite dissents therein by Frankfurter, J., who mentions the *Douglas case, supra,* opining as the heir apparent of Holmes, J., and peculiar to the avant-garde thinking, popular in the school of judicial activists whereby a legislative act is construed in substance and intention to suit the pragmatistic pontifications of the judge.

It is self-evident that the dismissal by the competent state court in the case before us is tantamount to and, indeed, actually constitutes and works the practical result of a removal to the Federal District Court, contrary to the mandatory provision of the statute prohibiting removal to the federal court.

It is the dissenting conclusion therefore of this member of the court that in the case before us, in the absence of a statute of venue to the contrary or some other "valid excuse" not shown in this case, the general rule on concurrent jurisdiction should obtain, and the judgment of dismissal in the Common Pleas Court should be reversed and the case remanded to that court for further proceedings according to law.